811 F.2d 1341
 43 Fair Empl.Prac.Cas. 209, 55 USLW 2510
 Carmelo MALDONADO, Plaintiff-Appellee-Cross-Appellant,
v.
John LEHMAN, in his capacity as Secretary of the Navy; E.J.
Scheyder, in his capacity as Commander, Mare
Island Naval Shipyard,
Defendants-Appellants-Cross-Appellees.
 Nos. 86-1545, 86-1578.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 12, 1986.
Decided March 6, 1987.
 
 E. Roy Hawkens, Washington, D.C., for defendants-appellants-cross-appellees.
 Leigh-Ann K. Miyasato, San Francisco, Cal., for plaintiff-appellee-cross-appellant.
 Appeal from the United States District Court for the Eastern District of California.
 Before GOODWIN, PREGERSON and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 The United States Navy appeals from the district court's award of attorney's fees to Carmelo Maldonado (Maldonado) as a prevailing party in his Title VII, 42 U.S.C. Secs. 2000e-16(c), action against the Navy. Maldonado cross-appeals from the district court's refusal to apply a multiplier. This court has jurisdiction over the appeals pursuant to 28 U.S.C. Sec. 1291. We affirm.I
 
 
 2
 In 1978, Maldonado, an employee at the Mare Island Shipyard, sued the Shipyard for employment discrimination. The suit settled, and Maldonado was promoted. In 1982, Maldonado filed a complaint with the Equal Employment Opportunity Commission alleging reprisal for his 1978 suit. After a five-day hearing, the Examiner found that Maldonado had experienced reprisal. The Secretary of the Navy adopted the Examiner's findings. Pursuant to 29 C.F.R. Sec. 1613.271(c), the Secretary also found that Maldonado was a prevailing party and, therefore, that his attorney, Robert Atkins (Atkins), was entitled to present a claim for reasonable attorney's fees and costs to the Navy.
 
 
 3
 Atkins then presented an affidavit to the Navy. He claimed that he had spent 164.1 hours working on Maldonado's case and asked for a fee of $110 per hour and a multiplier of two. He also requested $398.20 in costs. The Navy accepted as reasonable the amount of costs and the number of hours worked. However, the Navy rejected Atkins' requested hourly rate, and, instead, awarded $95 per hour for Atkins' work at administrative hearings and $75 per hour for his non-hearing work. The Navy claimed that these rates were consistent with Atkins' customary billing rate of $80 per hour. The Navy refused to apply a multiplier because it felt that additional compensation was not warranted.
 
 
 4
 Maldonado, dissatisfied with the Navy's award of fees, filed a complaint for attorney's fees in district court pursuant to 42 U.S.C. Sec. 2000e-16(c). In support of his request for a fee of $110 per hour, Maldonado submitted affidavits from attorneys in San Francisco showing that other similarly situated attorneys charged from $90 to $135 per hour. The district court found that $110 was a reasonable hourly rate for Atkins' services and assessed the fee award accordingly. The court refused to apply a multiplier. The Navy now appeals the district court's award of fees, and Maldonado cross-appeals the court's refusal to apply a multiplier.
 
 II
 
 5
 In a civil action filed under 42 U.S.C. Sec. 2000e-16(c), the district court reviews the agency's decision de novo. Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). We review the amount of fees awarded by the district court for an abuse of discretion. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986).
 
 III
 
 6
 The Navy argues that the district court should have calculated the award of attorney's fees using Atkins' customary billing rate rather than the prevailing market rate in San Francisco. See, e.g., Laffey v. Northwest Airlines, Inc., 746 F.2d 4 (D.C.Cir.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985). This Circuit does not follow the legal standard set forth in Laffey. "While evidence of counsel's customary hourly rate may be considered by the District Court, it is not a abuse of discretion in this type of case to use the reasonable community standard that was employed here." White v. City of Richmond, 713 F.2d 458, 461 (9th Cir.1983).
 
 IV
 
 7
 Maldonado argues that the district court abused its discretion by not applying a multiplier in calculating the award of attorney's fees. Maldonado has the burden of proving that an upward adjustment is necessary to award him a reasonable fee. Blum v. Stenson, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). While adjustments are possible, they are rare and must be supported by specific evidence and detailed findings. Id. at 898-900. Maldonado failed to establish that an upward adjustment was warranted in this case.
 
 
 8
 AFFIRMED.