No. 87–607. WEBB, SECRETARY OF THE NAVY *v.* MALDO-NADO. C. A. 9th Cir. Certiorari denied. ▆▆▆▆▆▆▆

JUSTICE WHITE, dissenting.

In *Blum* v. *Stenson*, 465 U. S. 886 (1984), the Court defined what constitutes a "reasonable attorney's fee" under 42 U. S. C. § 1988 for salaried attorneys employed by legal aid organizations. We held that the fee awards of such attorneys must be calculated on the basis of the prevailing community rate for similar services by attorneys of comparable skill, experience, and reputation. *Id.*, at 895–896, and n. 11. We did not decide whether the fee awards of private attorneys with an established billing rate must be calculated in the same manner.

Here, the Court of Appeals for the Ninth Circuit upheld an attorney's fee award under 42 U. S. C. § 2000e–5(k) based on an hourly rate that was consistent with the prevailing market rate

but that substantially exceeded counsel's own customary billing rate. *Maldonado* v. *Lehman*, 811 F. 2d 1341 (1987). The court expressly rejected the approach adopted by the Court of Appeals for the District of Columbia Circuit in *Laffey* v. *Northwest Airlines, Inc.*, 241 U. S. App. D. C. 11, 746 F. 2d 4 (1984), cert. denied, 472 U. S. 1021 (1985), which held that an attorney's customary billing rate must be used in calculating a fee award so long as that rate is not unusually high or low.

It is true that the District of Columbia Circuit recently granted rehearing en banc in *Save Our Cumberland Mountains, Inc.* v. *Hodel*, 263 U. S. App. D. C. 409, 826 F. 2d 43 (1987), for the purpose of deciding whether *Laffey* ought to be reconsidered. The *Cumberland Mountains* case has been held in abeyance, however, pending the resolution of the petition for certiorari in this case. Hence, the conflict persists between the Ninth Circuit's decision in this case and the District of Columbia Circuit's decision in *Laffey*. It cannot be said with any certainty that the latter court will decide to overrule *Laffey* in whole or in part.

In addition, there is some tension between the Ninth Circuit's definition of a "reasonable" fee and other courts' definition of the term as "a fee large enough to induce competent counsel to handle the plaintiff's case, but no larger." *Lenard* v. *Argento*, 808 F. 2d 1242, 1247 (CA7 1987). See also *Coulter* v. *Tennessee*, 805 F. 2d 146, 148–149 (CA6 1986) ("Congress did not intend that lawyers . . . receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed"), cert. denied, 482 U. S. 914 (1987). It is at least arguable that an attorney will have sufficient incentive to accept a case so long as he receives the same fee from suing the government as he would receive from suing a private party.

Finally, the question of what constitutes a "reasonable" fee for an attorney with an established billing rate is likely to arise in other circuits. The Court has previously observed that more than 100 federal statutes provide for an award of attorney's fees to the prevailing party, and that "the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be 'reasonable.'" *Pennsylvania* v. *Delaware Valley Citizens' Council for Clean Air*, 478 U. S. 546, 562 (1986). Hence, since fee awards under all statutes that provide for "reasonable" attorney's fees are calculated in a similar manner, the petition raises an issue of considerable practical importance.

Because a conflict has arisen between two Courts of Appeals concerning the calculation of a "reasonable" fee for attorneys with established billing rates, I would grant certiorari and address the question presented by this petition.