**Julie CHALMERS, Plaintiff-Appellee,**

v.

**CITY OF LOS ANGELES, a municipal corporation, Defendant-Appellant.**

**Nos. 82–6112, 83–6092 and 83–6535.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1985.*

Decided Aug. 15, 1986.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 3(f).

John B. Murdock, Santa Monica, Cal., for defendant-appellant.

Marcia Haber Kamine, Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, TANG, and SKOPIL, Circuit Judges.

## OPINION

SKOPIL, Circuit Judge:

The City of Los Angeles ("City") appeals from the district court's order awarding attorney's fees to plaintiff at the trial level. We previously affirmed the judgment of the district court on the merits in this matter. *Chalmers v. City of Los Angeles*, 762 F.2d 753 (9th Cir.1985). Ancillary to our consideration of the appeal of the district court's judgment on the merits, we now consider the City's appeal in these attorney's fees matters. Also before us is the appellee's motion for attorney's fees as a prevailing party on the appeal of the merits in this case.

We vacate the district court's order awarding attorney's fees to the plaintiff and remand for further consideration. Appellee's motion for attorney's fees as prevailing party on the appeal of the merits of this matter is granted in part.

## FACTS AND PROCEEDINGS BELOW

On January 10, 1979 Julie Chalmers filed an action pursuant to 42 U.S.C. § 1983 (1982) against the City and County of Los Angeles alleging a deprivation of due process. The parties stipulated to dismissal of several of Chalmers' claims as well as to the dismissal of the County as a defendant. On March 10, 1980 the district court granted the City's motion for summary judgment on all issues except Chalmers' claim that she was deprived of due process because she was prevented from engaging in her business of selling T-shirts by reason of vague and conflicting municipal ordinances. On October 13, 1982, after a five-day trial, a jury awarded Chalmers dam-

ages in the amount of $28,223: $15,723 for lost profits and $12,500 for deprivation of due process. The City appealed the judgment which was affirmed by this court on June 4, 1985. *Chalmers v. City of Los Angeles*, 762 F.2d 753 (9th Cir.1985).

On January 10, 1983 Chalmers moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988 (1982). On July 5, 1983 the district court entered an order awarding Chalmers attorney's fees in the amount of $82,600. The City filed a notice of appeal from that order (No. 83–6092). An amended order was entered by the district court on November 16, 1983. The amount of the attorney's fee award and the discussion of the merits of that award in the amended order remained unchanged from that of the previous order. The City then filed a notice of appeal from the amended order (No. 83–6535). Both appeals by the City concern the same award of fees and have been consolidated for our consideration here.

On June 19, 1985 Chalmers filed a motion with this court seeking an award of attorney's fees as prevailing party in the appeal of the merits of this matter (No. 82–6112). Because the application for fees on appeal raised issues substantially similar to those raised in the City's appeal from the district court's award of attorney's fees at the trial level, we consolidated Chalmers' motion for attorney's fees on appeal with the City's appeals from the district court's order awarding attorney's fees to the plaintiff at the trial level.

## DISCUSSION

### A. The District Court's Award of Fees.

According to the motion and the affidavits submitted to the district court by plaintiff's counsel in support of his fee request, from March 1978 until January 1983 counsel expended some 416.5 hours in litigating this matter. Chalmers' counsel requested compensation at a variable rate beginning at $95 per hour in 1978 and progressively rising to $175 per hour in 1982.[1] Multiply-

---

1. In 1978 counsel asked to be compensated for 32 hours at a rate of $95 per hour. In 1979

ing the hours claimed to have been expended by the hourly rate claimed to be reasonable, Chalmers' counsel arrived at a "lodestar" of $58,584.25. Chalmers' counsel also requested a bonus or a multiplier of 2.5, thus increasing the total fee requested to $149,785.00. In support of his fee request, Chalmers' counsel submitted detailed time records, an affidavit setting forth his experience and background, as well as his billing rates and practices. Counsel also submitted copies of prior fee awards in other civil rights cases, and affidavits of other attorneys which set forth their assessment of prevailing rates in the community as well as rates charged by comparably situated attorneys. The district court was also informed of the existence of a contingency fee arrangement between counsel and his client which allowed him to recover forty percent of any judgment rendered in Chalmers' favor.

The City opposed Chalmers' motion for an award of attorney's fees, alleging that (1) Chalmers was not a prevailing party; (2) the amount requested was excessive because either the hours expended or the hourly rate were excessive; and (3) Chalmers was not entitled to a bonus or a multiplier. The City claimed the hourly rate was excessive because it was greater than normally charged by this attorney and plaintiff's affidavits were insufficient to establish a prevailing rate in the community for comparable attorneys. The City failed to submit any counter affidavits nor did it indicate the number of hours it expended on this matter. The City also failed to submit any information indicating the prevailing rate of compensation in the community was an amount other than claimed by Chalmers.

On November 16, 1983 the district court issued an amended order awarding Chalmers fees in the amount of $82,600. The district court considered the twelve factors enunciated by this court in *Kerr v. Screen*

*Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), for determining an award of attorney's fees. The district court described the nature of the litigation in this case and concluded that

> The legal questions presented were not particularly complicated nor did they result in a vindication of any significant individual rights other than to impress upon the City the necessity that where certain conduct is proscribed by ordinance with criminal sanctions, there is a duty on the part of the City to clearly identify the limits of the conduct involved.

> \* \* \* \* \* \*

> The legal work did require persistence through a number of pre and post trial motions and a display of legal competence and skill of a quality equal to or above the average in this community. The results obtained on behalf of the plaintiff were excellent, and the time involved by plaintiff's counsel may have resulted in the preclusion of certain other employment.

> Taking into consideration all of the factors enunciated in *Kerr,* supra, and the recent directive of the Supreme Court in *Hensley [v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ], and applying them to the results obtained in the instant case and making certain adjustments for the time spent that was not required for successful prosecution of the case and also considering awards in similar cases, it is the judgment of the Court that plaintiff's counsel is entitled to attorney's fees in the amount of $82,600.

Although the district court considered the factors enunciated in *Kerr,* its order failed to reveal the number of hours being compensated; the hourly rate being applied; whether a multiplier was applied to

counsel requested $115 per hour in compensation for 82.8 hours. In 1980 counsel requested compensation at a rate of $135 per hour for 145.75 hours of time. In 1981 counsel claimed to have expended 47.7 hours and requested compensation at a rate of $155 per hour. In 1982 and 1983 counsel requested compensation at a rate of $175 per hour for a total of 108.30 hours in both years.

adjust the award; and if so, the amount of such multiplier.

■ On appeal, the City repeats many of the same arguments raised at the trial level about the propriety of the fee awarded by the district court. The City claims that Chalmers was not a prevailing party;[2] that the amount awarded by the district court was excessive; and that the district court abused its discretion in failing to specify how it arrived at the amount of attorney's fees awarded.

### 1. Standard of Review

■ The district court's award of fees, as well as the amount of fees awarded, is subject to an abuse of discretion standard of review on appeal. *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 581 (9th Cir.1984), cert. denied, — U.S. —, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985); *Kerr*, 526 F.2d at 69. "This standard applies 'not only to the basic fee but also to multipliers.' " *Hall v. Bolger*, 768 F.2d 1148, 1150 (9th Cir.1985) (quoting *Harmon v. San Diego County*, 736 F.2d 1329, 1331 (9th Cir. 1984)).

### 2. Merits

In an effort to determine whether the district court abused its discretion in this case, and in an attempt to provide district courts with guidance for their future consideration of attorney's fees matters, we begin our analysis with the two recent Supreme Court decisions in this area. *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart*,

461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ Title 42 U.S.C. § 1988 authorizes a district court to award reasonable attorney's fees to a prevailing party in a civil rights action. A prevailing party should ordinarily recover attorney's fees "unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, 103 S.Ct. at 1937. The initial determination of reasonable attorney's fees is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. Id. at 433, 103 S.Ct. at 1939. In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Id. Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary. Id. at 433–34, 103 S.Ct. at 1939–40.

■ Next, the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees. The Supreme Court has recognized that determining a reasonable or prevailing rate of compensation is "inherently difficult." *Blum*, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11. Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party. See *White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir.1983). In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in

---

**2.** The City claims Chalmers was not a prevailing party because she failed to show a causal connection between the filing of her lawsuit and the City's clarification of the municipal ordinances. While the time sequence of these events is somewhat unclear, apparently some efforts were undertaken to clarify the municipal ordinances prior to the time Chalmers filed her lawsuit. We do not consider this factor significant, however, in determining whether Chalmers is a prevailing party for purposes of section 1988. Even if we assumed that the City is correct and that Chalmers' lawsuit was not a major motivating factor behind its efforts to

clarify its ordinances, we still cannot conclude that Chalmers was not a prevailing party. Chalmers recovered a judgment in the amount of $28,223 for the City's deprivation of her due process rights when she was prevented from engaging in her business of selling T-shirts by reason of the vague and conflicting municipal ordinances. Plaintiff's recovery of a judgment, by proving that as a direct result of the City's unconstitutional conduct she was deprived of her due process rights, is sufficient to support a finding that plaintiff was a prevailing party under section 1988.

the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Blum*, 465 U.S. at 895 n. 11, 104 S.Ct. at 1547 n. 11.

■ The district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney. See *Harmon v. San Diego County*, 736 F.2d 1329, 1331 (9th Cir.1984); *Pate v. Alameda-Contra Costa Transit District*, 697 F.2d 870, 872–73 (9th Cir.1983). Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary. See *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1447 (9th Cir.), modified, 742 F.2d 520 (9th Cir.1984). Cf. *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 957 (9th Cir.1983) (no abuse of discretion where district court discussed the reasonableness of the billing rate at length and indicated that it considered the nature of the services provided and the time involved). The Supreme Court has recognized that while it is appropriate for a district court to have discretion in determining the amount of a fee award in view of its superior understanding of the litigation, it remains important for the district court to provide "a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941. See also *Hall v. Bolger*, 768 F.2d at 1151 (in computing an award, the district court should provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate' ") (quoting *Blum*, 465 U.S. at 898, 104 S.Ct. at 1548).[3]

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d at 70, this circuit articulated a number of factors the district court should consider in making its determination of both the number of hours reasonably expended and a reasonable hourly rate. Among the factors identified by *Kerr* as relevant to the determination of a reasonable fee are the following: experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented. Id. See also *White v. City of Richmond*, 713 F.2d at 461; *Planned Parenthood of Central and Northern Arizona v. Arizona*, 718 F.2d 938, 950–51 (9th Cir.1983). The existence of a contingent fee arrangement is also an element to consider in analyzing fee petitions under *Kerr*. See *Hamner v. Rios*, 769 F.2d 1404, 1407–09 (9th Cir.1985) (a statutory award is not excessive because it allows for recovery greater than a contingent fee agreement; however, the agreement is an element to consider). See also *Buxton v. Patel*, 595 F.2d 1182, 1185 n. 3 (9th Cir.1979) (same).

The factors enunciated by this court in *Kerr* were intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and the reasonable hourly rate. Those factors were never intended to be exhaustive or exclusive. What remains important is that the district court articulate with sufficient clarity the manner in which it makes its determination of a reasonable hourly rate and the number of hours which should reasonably be compensated. *Rutherford v. Pitchess*, 713 F.2d 1416, 1420 (9th Cir.1983) (citing *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941).

---

**3.** To support his contention that detailed calculations are not required to affirm an award of attorney's fees, petitioner relies principally on two pre-*Hensley* Ninth Circuit cases. *Rivera v. City of Riverside*, 679 F.2d 795 (9th Cir.1982), vacated 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1310 (1983), later proceeding *Rivera v. City of Riverside*, 763 F.2d 1580 (9th Cir.1985), aff'd —— U.S. ——, 106 S.Ct. 2686, 91 L.Ed.2d 466 (U.S. 1986); *Manhart v. City of Los Angeles*, 652 F.2d 904 (9th Cir.1981), vacated 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983). While it is true that detailed calculations may not be necessary to affirm an award of attorney's fees, something more than a bald, unsupported amount is necessary. While the district court need not set forth in exhaustive detail the method of calculating an attorney's fee award, at the very least the district court must set forth the number of hours compensated and the hourly rate applied.

Once the reasonable number of hours has been multiplied by the reasonable hourly rate, that is, once a reasonable attorney's fee has been calculated by reference to the standard enunciated in *Hensley* and *Kerr*, the district court may consider other factors in determining whether to adjust the fee award upward or downward. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939. Several of the *Kerr* factors may be relevant to the determination of whether to enhance a fee award. See *White v. City of Richmond*, 713 F.2d at 461–62. The Supreme Court has noted, however, that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward. *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9 (discussing the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), the case from which the *Kerr* factors were derived). See also *Hall v. Bolger*, 768 F.2d at 1151 (if a fee enhancement is granted, the court should explain the factors, not already subsumed in the lodestar calculation, which support an upward adjustment).

In *Blum v. Stenson*, the Supreme Court reiterated the holding of *Hensley* and specifically noted that if the applicant for a fee has shown that "the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by section 1988." 465 U.S. at 897, 104 S.Ct. at 1548. In *Blum*, the Supreme Court rejected the district court's conclusion that an upward adjustment was appropriate because of "the com-

plexity of the litigation, the novelty of the issues, the high quality of representation, the 'great benefit' to the class, and the 'riskiness' of the law suit." Id. at 898–99, 104 S.Ct. at 1548–49. The court noted that the novelty and the complexity of the issues was fully reflected in the number of billable hours reported by counsel. Id. at 898, 104 S.Ct. at 1548. In addition, the special skill and experience of counsel as well as the quality of representation are factors ordinarily reflected in the reasonable hourly rate. Id. at 898–99, 104 S.Ct. at 1548–49. Similarly, the result obtained or outcome of the litigation "generally will be subsumed within other factors used to calculate a reasonable fee, [and] ... normally should not provide an independent basis for increasing the fee award." Id. at 900, 104 S.Ct. at 1549. In sum, the court limited the recovery of an upwardly adjusted attorney's fee award or an enhanced award to rare, exceptional cases. Id. at 897–99, 104 S.Ct. at 1548–49.

■ The Supreme Court left largely unresolved the question of what circumstances will justify an enhancement of a fee award. The risks of not prevailing or not recovering any fees appear to be bases or exceptional circumstances which may justify an upward adjustment in rare cases. See *Blum*, 465 U.S. at 903–04, 104 S.Ct. at 1551 (Brennan, J., concurring); *Hensley*, 461 U.S. at 448, 103 S.Ct. at 1947 (Brennan, J., concurring in part, dissenting in part). In addition to the contingent nature of a fee arrangement, delay in payment of a fee may justify an increase in a fee award. *Hensley*, 461 U.S. at 449, 103 S.Ct. at 1947 (Brennan, J., concurring in part, dissenting in part).[4] In any event, recent Supreme

---

**4.** There is much confusion in the case law concerning contingent fees and contingent adjustments. See, e.g., *LaDuke v. Nelson*, 762 F.2d 1318, 1333 (9th Cir.1985) (discussing circumstances justifying enhanced awards under Equal Access for Justice Act, 28 U.S.C. § 2412); *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 841 n. 16 (9th Cir.1982) (an enhanced fee due to the contingent nature of a fee arrangement may be justified; however, award should not automatically be increased because of risks associated with contingent fee arrangement); *Hamner v. Rios*, 769 F.2d at 1407 (the existence of a contin-

gent fee arrangement is an element to consider in analyzing a fee petition); *Buxton v. Patel*, 595 F.2d at 1185 n. 3 (same). Despite the confusion in the case law, it should be noted that contingent adjustments are not the same as a contingency fee arrangement. Contingency fee arrangements, like the one at issue in this case, are arrangements where an attorney's fee is based on a percentage of the amount recovered by his client. Contingency adjustments, which were not present in the case at bar, are a percentage increase over and above the amount

Court authority strongly suggests that an enhanced award is justified only in the extraordinary case.

■ With these legal principles in mind, we turn now to the facts of the case before us. Here, the district court failed to explain the reasons for its award or the manner in which it arrived at the award. We recognize that deference is to be given to a district court's determination of a reasonable attorney's fee. Nonetheless, it remains important for the district court to provide an adequate explanation of the reasons for its award and the manner in which that award was determined. Here, while the order does indicate that the *Kerr* factors were considered, the district court failed to indicate what number of hours were being compensated and what hourly rate was applied. The district court failed to indicate whether it believed plaintiff's claimed hours and reasonable hourly rate were in fact reasonable. While the district court's order indicates that the award was reduced for the extent to which plaintiff was unsuccessful, there is no way for us to know by what amount the award was reduced. The district court's order contains no explanation of how the court arrived at the $82,600 amount. The award of $82,600 is greater than the number of hours plaintiff's attorney claimed he expended multiplied by the amount claimed to be a reasonable rate of compensation for a total of $58,584.25. Therefore, it would appear that the district court in this case applied a multiplier. But what multiplier? And for what reasons? Without some indication or explanation of how the district court arrived at the amount of fees awarded, it is simply not possible for this court to review such an award in a meaningful manner. Absent some indication of how the district court's discretion was exercised, this court has no way of knowing whether that dis-

cretion was abused. We therefore vacate the award of attorney's fees and remand this matter for further consideration in light of the principles enunciated in some detail in this opinion. In light of our holding, appellee's request for sanctions under Fed.R.App.P. 38 for the City's filing a frivolous appeal must be denied.

### B. Attorney's Fees on Appeal.

Counsel also moves for an award of fees for successful defense on appeal of the district court's judgment on the merits. We have already enunciated the standards to be employed in evaluating a request for fees. We begin our analysis initially with *Hensley's* directive that the initial determination of reasonable attorney's fees be calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. In making our determination of a reasonable fee award, we also take into account the twelve Kerr factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr,* 526 F.2d at 70. We turn now to application of the standards enunciated in *Hensley* and *Kerr* to plaintiff's request for fees on appeal.

■ Counsel claims to have expended a total of 172.95 hours in pursuing this mat-

---

obtained by multiplying hours expended by hourly rate; arrangements which call for contingency adjustments are specifically designed to reflect the risk that no fee may be obtained. *Blum,* 465 U.S. at 903 n*, 104 S.Ct. at 1551 n* (Brennan, J., concurring). In discussing possible bases for an enhanced award, the Supreme

Court has made reference to contingent adjustments, not contingent fee contracts. Chalmers' counsel therefore misconstrued the significance of his contingent fee arrangement with his client when he argues that this arrangement provides an independent rationale for application of a multiplier.

ter on appeal—82.25 hours are claimed with respect to briefing and arguing the original appeal and 90.70 hours are claimed with respect to briefing and arguing the issues submitted on rehearing and the preparation of the fee motion. Counsel has reduced these hours and requests compensation for a total of 160 hours in this matter. Counsel has attached copies of his time records. Since he is a sole practitioner, there is no duplication of effort in this case. Nevertheless, we find the hours claimed to have been expended in litigating this matter on appeal to be excessive.

Counsel claims to have expended 82.25 hours in briefing and arguing the original appeal in this case. The initial appeal in this case by the City raised several issues. The City argued that the evidence at trial did not support plaintiff's claim of a due process deprivation nor did it support the damage award. The City also alleged evidentiary errors. The issues were not complex. All of the issues involved matters intimately associated with the trial proceedings. Since counsel represented plaintiff at trial, he was intimately familiar with that proceeding. In his fee request, counsel claims to have expended almost 47.75 hours researching and drafting his initial appellate brief in this case. We believe that amount of time is excessive in light of counsel's familiarity with the issues in this case, his experience in this profession, as well as the nature of the issues on appeal.

Similarly, counsel claims to have expended 90.70 hours on briefing and arguing the issues submitted on rehearing and on preparation of his fee motion. Following the issuance of the initial opinion in this matter, the panel granted the City's petition for rehearing and submitted seven additional issues to the attorneys for briefing. Many of the issues were simply more detailed inquiries concerning matters raised in the initial appeal, issues with which counsel was fully familiar.

Counsel has documented all of his hours and submitted all of his time records to this court. Once again, we have no counter affidavits from the City indicating the amount of time it expended in litigating this case. Certainly that kind of information would be helpful to us. Nevertheless, we do have our own experience in considering the issues raised in this appeal and believe that despite the documentation submitted to us, it is necessary to reduce the number of hours claimed to have been expended on the ground that they were not reasonably expended. Of the hours counsel claims to have expended in pursuing this matter on appeal, we believe that compensation is appropriate for 90 of those hours. We have carefully reviewed counsel's time records in this regard, and reduced the number of hours by what we deem to be an excessive number of hours claimed to have been expended in researching and drafting the briefs submitted in this case.

 Having evaluated the reasonableness of the hours claimed to have been expended in this matter, we next turn to the reasonableness of counsel's request for an hourly rate of compensation of $175 per hour. Once again, counsel has attached affidavits to his motion in support of his request for compensation at this rate. Several affidavits from attorneys in the community discuss not only the reputation of Chalmers' counsel, but also the customary or prevailing fees in the community for attorneys of comparable qualifications. These affidavits established that the prevailing rate of compensation for someone of counsel's experience is in the range of $135 to $200 per hour. Counsel has also attached decisions in other cases from the Central District of California involving fee awards, as well as a copy of a decision awarding fees to this attorney for his appellate services in a 1978 civil rights case. All of the documentation submitted by counsel as part of his motion for attorney's fees on appeal support his request for compensation at a rate of $175 per hour.

We note that the requested rate of compensation may appear to be somewhat high. Plaintiff, however, has presented ample evidence to support this requested rate. Moreover, there are no contrary affi-

davits anywhere in the record suggesting that this rate is not in keeping with the prevailing rates in the community. Finally, the quality of representation in this case was high. Plaintiff's counsel is experienced in these matters and his performance in the initial appeal and in the subsequent rehearing was above average. In sum, we believe counsel has justified his request for compensation at a rate of $175 per hour.[5]

Chalmers' counsel has also requested a multiplier or bonus with respect to the fees awarded for his appellate work. Once again, we have discussed the standards for determining whether an upward adjustment of the fee is appropriate. We begin with the Supreme Court admonition that if "the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee contemplated by section 1988." *Blum*, 465 U.S. at 897, 104 S.Ct. at 1548. The Supreme Court decision in *Blum* further holds that an upward adjustment of an award of fees by use of a multiplier is justified only in rare, exceptional circumstances. Id. at 897–99, 104 S.Ct. at 1548–49. *Blum* further establishes that neither the novelty of the issues, the complexity of the case, nor the quality of representation justifies the application of a multiplier. Id. at 898–99, 104 S.Ct. at 1548–49.

In this case counsel seeks to recover a multiplier based on his exceptional success and the risk involved in litigating this matter. Counsel's claim of exceptional success need not detain us long. Counsel was successful in litigating this case, but nothing more. His success was neither extraordinary nor exceptional. The evidence at trial established that the City had

failed to clarify its municipal ordinances to provide guidance to those seeking to engage in the business of vending T-shirts. The existence of the conflicting ordinances and their application to plaintiff in a manner which prohibited her from selling T-shirts was not difficult to prove. In addition, after plaintiff obtained a judgment and damages, counsel's job on appeal was less difficult. Counsel's success in having this court affirm the judgment rendered by the jury was not exceptional.

With respect to the risk associated with this matter, counsel claims the risk was great because (1) he was a sole practitioner working on a contingent fee basis in a civil rights case, and (2) the City was obstreperous and intensely adversarial in litigating this matter. While counsel's sole practitioner status and the contingent fee arrangement with his client did enhance to some extent the risk of not being compensated after many hours and years of work, we do not believe that the risk of loss for Chalmers' counsel on appeal after his client's recovery of a $28,223 judgment was such as to warrant an enhancement of the fee award.[6] Finally, we cannot agree that a government entity's sometimes overzealous defense of a case, absent some evidence of intentional misconduct, warrants an enhancement of a fee award. Counsel has failed to identify any risk in this case which was greater than that normally encountered in civil rights litigation against a government entity. Finally, while there has been some delay, not attributable to either counsel for appellant or appellee, in resolving both the merits and the attorney's fee appeal in this case, we do

5. In calculating the reasonable hourly rate and the number of hours reasonably expended on this matter, some of the *Kerr* factors, i.e., the experience, reputation, and ability of the attorney and the novelty or difficulty of the issues, were more relevant than others. As previously noted, the *Kerr* factors were not intended to be exhaustive or exclusive, but were merely intended as guidance for determining a reasonable fee award, i.e., a reasonable hourly rate multiplied by the number of reasonable hours. We conclude that the resulting product of reasonable

hours multiplied by a reasonable hourly rate is a reasonable fee in this case. Further, we do not believe that any of the *Kerr* factors justify an upward adjustment of the reasonable attorney's fee in this case.

6. Our prior discussion of the relevance of counsel's contingent fee arrangement with his client in determining the reasonable fee award at the trial level is equally applicable here. See discussion in text, pp. 1211–12 & n. 4 supra.

not believe that the delay was so substantial as to justify an upward adjustment of the attorney's fee award on appeal. Nonetheless, we do believe that a further delay in the award of attorney's fees on appeal pending resolution of the attorney's fee matter remanded to the district court would be burdensome and unwarranted.

Accordingly, counsel for appellee Chalmers is hereby awarded fees on appeal in the amount of $15,750.00 (90 hours multiplied by $175 per hour) plus costs related to transportation expenses incurred in appearing for the argument on the petition for rehearing in the amount of $143.70.[7] The total award of $15,893.70 for appellate services rendered is payable immediately and need not be deferred pending resolution of the matters remanded to the district court.

Nos. 83–6092, 83–6535: VACATED and REMANDED.

No. 82–6112: MOTION GRANTED IN PART.

---

7. Plaintiffs are entitled to their transportation costs as part of an award of fees under section 1988. Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees under section 1988. *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4, 30 (D.C.Cir.1984), cert. denied, — U.S. ——, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).