993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Salvatore D'EMANUELE, Plaintiff-Appellant,
v.
MONTGOMERY WARD & COMPANY, INC.; Montgomery Ward & Company,
Inc. Long Term Disability Plan & Trust,
Defendants-Appellees.
 No. 91-56245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1993.
Decided May 21, 1993.
 
 Before SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Plaintiff Salvatore D'Emanuele appeals the district court's order awarding him $88,465 in attorney fees. We affirm.
 
 FACTS
 
 3
 This is the second appeal by D'Emanuele from an award of attorney fees. The underlying case, a claim for benefits under an Employee Retirement Income Security Act ("ERISA") disability plan, was settled in 1988. That settlement provided that D'Emanuele would receive attorney fees from defendant Montgomery Ward & Co., Inc., in an amount deemed reasonable by the district court. It also included an interim payment of $45,000 attorney fees to D'Emanuele's counsel.
 
 
 4
 D'Emanuele's counsel, James Guziak, requested compensation for 1242.48 hours of his time at a rate of $175 per hour, plus compensation for time expended by an associate attorney and by a paralegal. He also requested that the fee be increased by a multiplier to reflect contingent risk. The district court awarded $76,125.
 
 
 5
 D'Emanuele appealed. We remanded and asked the district court to provide a clear and concise explanation for the fee award. D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1389 (9th Cir.1990).
 
 
 6
 On remand, D'Emanuele requested and received a status conference. During this conference Guziak requested that defense counsel provide information as to defense counsel's billings. Guziak wanted to compare defense counsel's billing records with his own. The district court ordered defense counsel to disclose the overall hours, research hours, and individual billing rates and background for each defense attorney. Guziak did not object to this order and did not request additional data until the district court had taken the fee request under submission. Defense counsel provided the information ordered by the court.
 
 
 7
 Guziak requested compensation for himself of 988 hours at $245 per hour, as well as compensation for his associate and paralegal. He requested increased rates to compensate for the delay in payment, and asked for a multiplier of 2.0 to reflect the contingent nature of his fee arrangement with D'Emanuele. Guziak also claimed he was entitled to $83,548 for "fees on fees" and costs in connection with the first appeal and for work performed on remand.
 
 
 8
 In its Memorandum of Decision and Order entered September 6, 1991, the district court awarded Guziak $88,465 in fees. This included the court's original attorney fee award of $76,125 (525 lawyer hours at $145 per hour), $9,900 for time spent on appeal and remand (60 hours at $165 per hour) and $1,440 for paralegal work (36 hours at $40 per hour). Although these incremental amounts add up to $87,465, the court awarded $88,465. There is no explanation apparent from the record for this $1,000 difference, however, the parties have both taken the position that the district court's final fee award was $88,465 and we accept that figure. Guziak appeals this fee award.
 
 DISCUSSION
 
 9
 In our decision remanding this case to the district court, we asked the district court to
 
 
 10
 prepare a clear and concise explanation of the reasons for the selection of the number of hours expended by counsel, the basis for the selection of the hourly award of $145, whether it rejected an award for research, for the preparation of the RICO claims and the motion for attorney's fees, for work performed by associate counsel as well as legal assistants, and if the lodestar was reduced, the specific grounds for doing so.
 
 
 11
 D'Emanuele, 904 F.2d at 1389.
 
 
 12
 In its Memorandum of Decision and Order entered September 6, 1991, the district court did exactly what we asked it to do. It gave a clear and concise explanation in painstaking detail of each issue we asked it to address. Based on this explanation, we conclude that the district court did not abuse its discretion in reducing the number of claimed hours from 988 to 525, in setting the hourly rate at $145, and in using the historical rather than the current rate in calculating the lodestar figure. We further conclude the district court did not abuse its discretion in refusing to enhance the lodestar amount to reflect the riskiness of the fee arrangement. See City of Burlington v. Dague, 112 S.Ct. 2638, 2640 (1987) (use of a contingent risk multiplier is not proper in awarding attorney fees under fee-shifting statutes).
 
 
 13
 D'Emanuele argues that the district court nonetheless abused it discretion in setting the amount of the fee award because his attorney, Guziak, was denied the detailed type of information he sought from defense counsel's billing records. We reject this argument.
 
 
 14
 D'Emanuele received information regarding defense counsel's overall hours, the total fee paid, and some evidence of the experience level and billing rates of the attorneys participating in the case. This was sufficient. The district court did not abuse its discretion in refusing to order the disclosure of more precise billing information from defense counsel. Although documentation of an opposing party's hours is helpful in determining a reasonable attorney fee award, Chalmers v. City of Los Angeles, 796 F.2d 1205, 1214 (9th Cir.1986), amended, 808 F.2d 1373 (9th Cir.1987), this information is not essential to a district court's determination of a reasonable fee. The district court is in the best position to determine the number of hours reasonably expended in furtherance of the successful aspects of litigation and the amount which would reasonably compensate the attorney. Id. at 1211. Here, the district court did not abuse its discretion in denying D'Emanuele's discovery motion.
 
 
 15
 D'Emanuele also contends the district court's fee award is flawed because it was entered without the benefit of reply briefing which D'Emanuele was denied. We disagree. Local Rule 7.1 of the Central District of California gives the district court discretion to deny reply briefing. Here, the district court had ample briefing from both parties following our remand order, and it did not abuse its discretion by denying D'Emanuele the opportunity for even further briefing.
 
 
 16
 The district court's fee award in the total sum of $88,465 is affirmed. Each party shall bear his and its own attorney fees on appeal. Appellees are awarded their costs on appeal.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3