5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Susan WATTS, Plaintiff-Appellant,
v.
UNITED STATES of America; Richard Thornburgh, Attorney
General of the United States; Ruth Ann Myers,
District Director, Immigration and
Naturalization Service,
Defendant-Appellee.
 No. 92-15422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1993.
Decided Sept. 22, 1993.
 
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Susan Watts appeals from the district court's order denying her motion for attorneys' fees and costs in her action against the Immigration and Naturalization Service ("INS"). Watts, a citizen of Great Britain, had requested certain documents from the INS pursuant to the Freedom of Information Act ("FOIA") in connection with proceedings to deny her application for Waiver of Requirement to file Joint Petition for Removal of Conditions via form I-752, pursuant to Sec. 216(c)(4) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1186a(c)(4). She sought an injunction pendente lite and a temporary restraining order forbidding the INS from further proceeding against her until she had exhausted her administrative remedies under the FOIA. The district court denied the requests for the TRO and the injunction. In lieu of the TRO and the injunction, the court ordered the INS to produce the requested document within 48 hours and further ordered that Watts' time to respond to the INS be extended to October 9, 1991.
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1331. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Because appellant failed to supply the district court with sufficiently detailed information identifying the nature of the work performed, we affirm the district court's denial of attorneys' fees.
 
 
 4
 * ATTORNEYS' FEES
 
 
 5
 A fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant must prove by a preponderance of the evidence that the hours expended on the litigation were reasonable and must submit detailed time records. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir.1986), reh'g denied, opinion amended, 808 F.2d 1373 (9th Cir.1987).
 
 
 6
 The court may reduce the allowable hours on the grounds of inadequate documentation, overstaffing, duplicative hours, or excessive or otherwise unnecessary hours. Chalmers, 796 F.2d at 1210. The court has a great deal of discretion in determining the reasonableness of the fee award, including the decision regarding the reasonableness of the hours claimed by the prevailing party. Hensley, 461 U.S. at 437; Chalmers, 796 F.2d at 1213.
 
 
 7
 In the instant case, the district court denied the fees on the basis of inadequate documentation. Indeed, a review of the documents submitted to the court in support of the attorneys' fees request reveals a system of law firm codes identifying, in a very general way, work that was done. For example, several slips are marked with a "P" which stands for preparation. Several other slips are marked with an "R" for research. Others are marked with an "A" for court appearance. Because of this extremely general billing description, the district court had a difficult time discerning how much of the time was "reasonable." Because the plaintiff provided inadequate documentation to receive an award of attorneys' fees, we affirm.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3