**Roger HAGER, Plaintiff—Appellant,**

v.

**Meadi KARKHANECHIN; et al., Defendants—Appellees.**

No. 06–56206.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.[*]

Filed Aug. 5, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Mark D. Potter, Center for Disability Access, LLP, San Marcos, CA, for Plaintiff–Appellant.

David W. Peters, Esq., Lawyers Against Lawsuit Abuse, APC, San Diego, CA, for Defendants–Appellees.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Plaintiff–Appellant Roger Hager appeals from an award of attorney's fees for his suit against Defendant–Appellees Meadi Karkhanechin and LDC Enterprises, LLC, under the Americans with Disabilities Act

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("ADA"), 42 U.S.C. § 12101 *et seq.* Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291, and we review a district court's decision to award attorney's fees for an abuse of discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Legal analysis and statutory interpretation which figure into the district court's decision are reviewed de novo. *Coal. for Clean Air v. So. Cal. Edison Co.*, 971 F.2d 219, 229 (9th Cir.1992). We affirm in part, reverse in part, and remand for further proceedings consistent with this memorandum.

### I.

■ Hager contends that the district court abused its discretion when it denied a fee award for the hours devoted to his allegedly successful Motion for Evidentiary and Monetary Sanctions. We disagree. Hager's motion prompted the Magistrate Judge to warn Appellees to cooperate in discovery, but the Magistrate Judge ultimately denied the motion because it had been filed in violation of Rule 37(b) of the Federal Rules of Civil Procedure. Accordingly, the requested sanctions were never imposed. Considering the motion's limited success, we cannot say that the district court abused its discretion in declining to award fees for its preparation. *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *So. Cal. Edison Co.*, 971 F.2d at 229.

### II.

■ Hager contends that the district court abused its discretion when it denied an award of attorney's fees for the hours spent taking Karkhanechin's and LDC's deposition. We agree. A district court abuses its discretion if it reduces an award of attorney's fees in light of the plaintiff's refusal to settle when the plaintiff ultimately gained by rejecting the settlement offer. *Corder v. Gates*, 947 F.2d 374, 381 (9th Cir.1991). Because Hager's refusal to settle prior to the deposition ultimately enabled him to obtain a higher settlement, the district court abused its discretion by declining to award fees for the deposition.

### III.

■ Hager next claims that the district court abused its discretion when it relied upon his failure to timely disclose evidence as a reason to reduce the lodestar amount. We disagree. Hager's failure to produce evidence in a timely manner unnecessarily protracted the litigation. The district court acted within its discretion by reducing the award of attorney's fees for this reason. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 (allowing a reduction for unnecessary or excessive hours).

### IV.

■ Hager claims that the district court abused its discretion when, in deciding to reduce the lodestar amount by 50 percent, it relied upon his failure to provide any pre-litigation notice to Karkhanechin and LDC. We agree. The ADA does not contain a pre-litigation notice requirement, and we have expressly declined to imply one. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 844–45 (9th Cir. 2007). The district court's order is thus squarely at odds with our decision in *Skaff.* As the district court based its decision on an inaccurate interpretation of the ADA, it abused its discretion. *See Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir.2002). Although the district court's decision predated our holding in *Skaff,* we "take into account new and supervening rules of decision as long as [an] action is sub judice." *Robinson v. Heilman*, 563 F.2d 1304, 1307 (9th Cir.1977).

## V.

Hager claims that the district court abused its discretion when it relied upon his failure to respond to an offer of comprehensive renovations as a reason to reduce the lodestar. We disagree. A district court may reduce an award of attorney's fees if the award does not accurately reflect the "time and labor" required by the litigation. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975). Moreover, "[t]he district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir.1986). The district court acted within its discretion when it found that Hager's actions were unnecessary in light of Karkhanechin's and LDC's offer of comprehensive renovations.

## VI.

Finally, Hager contends that the district court abused its discretion when the court reduced the award of attorney's fees by 50 percent without explaining how it reached that particular figure. We agree. If a district court reduces an award by a particular amount, the court must provide a "concise but clear" explanation of *how* it arrived at that particular amount. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992) (quoting *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933). This rule does not require "an elaborately reasoned, calculated or worded order," but "something more than a bald, unsupported amount is necessary." *Id.* (citing *Chalmers v. City of L.A.*, 796 F.2d at 1211 n. 3). Because the district court did not provide a "concise but clear" explanation of *how* it

reached the particular figure of 50 percent, it abused its discretion.

We AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings consistent with this memorandum. The parties shall bear their own costs on appeal.