**Gary SUMMERS; Melanie Murillo, Plaintiffs–Appellants,**

v.

**The CARVIST CORPORATION; Bill O'Connel; George Ness, as Trustees of the Carvist Corporation Retirement Plan, Defendants–Appellees.**

No. 08–55092.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2009.*

Filed April 23, 2009.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Robert Steven Amador, Esquire, Amador Kelly, LLP, Long Beach, CA, for Plaintiffs–Appellants.

Donna Bader, Laguna Beach, CA, for Defendants–Appellees.

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and WILKEN,** District Judge.

## MEMORANDUM ***

Gary Summers and Melanie Murillo, former employees of The Carvist Corporation, appeal the amount of the district court's award of attorneys' fees in their

** The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

ERISA case. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate the attorneys' fee award and remand the case to the district court.

A district court must explain how it calculated its attorneys' fee award amount in "concise but clear" language. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). It is "important for the district court to provide an adequate explanation of the reasons for its award and the manner in which that award was determined." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1213 (9th Cir. 1986). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir.2008).

The proper method for determining the amount of attorneys' fees in ERISA actions is the "hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart.*" *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir.2000). Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno,* 534 F.3d at 1111. "[A] multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." *Van Gerwen,* 214 F.3d at 1045 (internal quotation marks omitted).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appellants argue that the district court erred when it awarded them $5,000 of their requested $68,992.50 in attorneys' fees. The $63,992.50 reduction left Appellants' attorneys' with less than ten percent of the award they requested. Because the disparity between the attorneys' request and the court's award is large, a specific articulation (providing an adequate explanation of the reasons for its award and the manner in which that award was determined) of the court's reasoning is required. The district court's decision did not provide this reasoning. Upon remand, the district court must provide sufficient detail of its award decision to allow for meaningful review.

VACATED and REMANDED.