NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDWARD JONES; et al., | No. 09-55014 |
| Plaintiffs - Appellees, | D.C. No. 2:03-cv-01142-R-RNB |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 26, 2011**
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and REED, Senior District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward C. Reed, Jr., Senior District Judge for the U.S.
District Court for Nevada, Reno, sitting by designation.

The City of Los Angeles appeals the district court's order granting plaintiffs' request for attorneys' fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and California Code of Civil Procedure § 1021.5. The district court concluded that plaintiffs are "the prevailing party" under both statutes, but failed to set forth any reasons underlying its conclusion. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Nor did the district court explain how the award was calculated, *i.e.*, "what number of hours were being compensated and what hourly rate was applied." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986). Moreover, the order is internally inconsistent as to whether a multiplier was used, and it appears that some noncompensable hours may have been included.

Because the district court failed to provide a reasoned basis for its decision, we are unable to engage in a meaningful review of either the basis for the award or the award itself.[1] *See Hensley v. Eckhart*, 461 U.S. 424, 437–40 (1983) (where meaningful appellate review is not possible, remand for a fuller explanation of the fee award is appropriate); *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006) (where there is no reasoning to support a fee award, "it is simply not possible for this court to review [the] award in a meaningful manner"

---

[1] Each of the party's motions for judicial notice is denied as moot.

2

(citation omitted)); *Chalmers*, 796 F.2d at 1213 (finding an order granting attorneys' fees insufficient because it failed to provide "an adequate explanation of the reasons for [the] award and the manner in which that award was determined"). Therefore, we reverse the award of attorneys' fees and remand for further proceedings consistent herewith.

**REVERSED and REMANDED.**