**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY LEMUS; MANUEL LOPEZ ZARATE; ARTURO CARRENO GARCIA; NORMA URIBE; LINO CALDERON MENDOZA, | No. 09-17406 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-01158-RCJ-PAL |
| v. | MEMORANDUM[*] |
| BURNHAM PAINTING & DRYWALL CORP.; LYLE T. BURNHAM; CENTENNIAL DRYWALL SYSTEMS, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted March 17, 2011
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Rudy Lemus, Manuel Lopez Zarate, Arturo Carreno Garcia, Norma Uribe, and Lino Calderon Mendoza (Plaintiffs) appeal from the district court's order reducing their request for attorney's fees, statutory costs, and litigation expenses from $386,071.38 to $121,599.11. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the "district court's decision to award attorney's fees . . . for abuse of discretion." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006). After careful review of the record, we vacate and remand for further proceedings.

## I.

The district court does not commit an abuse of discretion by beginning its analysis using a party's lodestar calculations. Although it is not entirely clear, we assume the district court adopted Plaintiffs' lodestar figure. If so, the court was not required to accept Plaintiffs' calculations without change or otherwise specify an initial lodestar amount. *See McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (explaining that "[*t*]*ypically* a district court begins it[s] calculation of fees by" determining a lodestar amount) (emphasis added).

The district court did not abuse its discretion when it reduced fees after finding that Plaintiffs' counsel engaged in stalling tactics. *See Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.*, 407 F.2d 288, 297 (9th Cir.

2

1969) (holding that the amount of a fee award may be affected where one of the parties increases "the length of the litigation" by engaging in "prolonging tactics"). The district court's finding that Plaintiffs' attorneys stalled the litigation as part of an effort to unionize the residential construction market in Las Vegas has adequate support in the record. *See McCown*, 565 F.3d at 1101 (reviewing factual findings underlying a district court's fee award for clear error).

It was not an abuse of discretion to reduce Plaintiffs' fee award on the basis of numerous billing discrepancies. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1200 (9th Cir. 2002). By resolving discrepancies between the time billed and the time actually spent preparing and deposing certain witnesses in favor of the time spent, the district court simply reduced Plaintiffs' award by the amount of time that it deemed "overinflated." *See id.* Similarly, the district court did not abuse its discretion by excluding fees for time spent reviewing the docket and monitoring filing deadlines. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (holding that time billed for "purely clerical or secretarial tasks" should not be included in an award of attorney's fees).

We also hold that the district court acted within its discretion when it decided to reduce fees based on the result obtained. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (holding that a district judge has discretion to reduce a

3

fee award based on the "level of success" achieved by the prevailing party). Plaintiffs initially sought damages of approximately $180,000, but recovered only $65,000. Hundreds of Burnham employees were identified as eligible claimants, yet only fifteen ever recovered. These results are not particularly impressive.

The decision to reduce fees for attorney travel time also fell within the district court's discretion. Plaintiffs "bear[] the burden of establishing that the fee sought is reasonable." *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Nevertheless, Plaintiffs, who were all Nevada residents, present nothing to explain why it was reasonable to retain a California law firm for this Las Vegas case. The record is devoid of evidence indicating that Plaintiffs selected the California firm based on its reputation or its unique skill in handling FLSA cases. *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) (explaining that travel time is generally compensable when reasonable). We recognize that a litigant is entitled to retain an attorney of his choice; yet, a district court does not abuse its discretion by reducing fees for travel time when the litigant fails to show that his attorney's travel expenses were reasonable. *See id.*

## II.

We are, however, troubled with the district court's apparent decision to reduce fees based on the staffing decisions of Plaintiffs' attorneys. *See Moreno v.*

4

*City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).  The district court reasoned that Plaintiffs "created an excess of fees" by relying primarily on "senior attorneys for the majority of tasks."  From this statement, it appears that the district court reduced fees after reasoning that "it would have been cheaper to delegate the work to other attorneys."  *Id.*  But this assignment of task decisions is usually left up to the law firm absent evidence of being unreasonable. We therefore vacate and remand this issue for additional consideration.

We are also unable to determine whether the district court granted Plaintiffs' request for $22,434.72 in attorney's fees for the time expended preparing their fee application.  *See Hemmings*, 285 F.3d at 1200 (explaining that fees incurred in conjunction with the preparation of a fee application can be reduced when the district court concludes that such fees were not reasonably incurred).  From the district court's order, it is unclear whether these fees were included in the total award, reduced in part, or excluded altogether.  We therefore vacate and remand as is needed to allow for meaningful review of the district court's treatment of these fees.  *See McCown*, 565 F.3d at 1102.

Similarly, while the district court had discretion to reduce or exclude statutory costs and litigation expenses, it did not "specify reasons" for doing so here.  *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th

5

Cir. 2000). Plaintiffs sought statutory costs in the amount of $24,793.80 and requested $21,599.11 in eligible litigation expenses, for a total of $46,392.91. Without any explanation, the district court reduced this amount to $21,599.11. We therefore must vacate and remand on that issue as well.

Ultimately, we are uncertain how the district court reached a final award of $100,000 in attorney's fees and $21,599.11 in litigation costs/expenses. *See Perdue v. Kenny A.*, 130 S. Ct. 1662, 1676 (2010) (explaining that "[i]t is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination," otherwise "adequate appellate review is not feasible"). While many of the reductions fall within the district court's discretion, the district court must explain how it arrived at the amount of its award – i.e., why the actual amount selected is reasonable. *See Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (requiring a district court to "explain[] the relationship" between the time "improperly billed and the size of the [fee] reduction"). That is, the district court must further explain how the problems it found, as described in part I, affected the award, and what effect the errors or omissions we identified in part II have upon that award.

Each party shall bear its own costs.

**VACATED AND REMANDED.**