NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PORGES ELECTRICAL GROUP, INC., United States of America for the use and benefit of, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; PATRICIA I. ROMERO, INC., DBA Pacific West Builders, <br><br> Defendants-Appellants. | No.  21-15847 <br> 21-16416 <br><br> D.C. No. 1:15-cv-00024 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted November 16, 2023
Pasadena, California

Before:  BYBEE, D.M. FISHER,[**] and DESAI, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Pacific West Builders and Travelers Casualty & Surety Company of America ("Pacific") appeal the district court's denial of Pacific's renewed motion for judgment as a matter of law and motion for a new trial, and the grant of Porges Electrical Group, Inc.'s ("Porges") proposed remittitur. We have jurisdiction under 28 U.S.C. §§ 1291, 1331, 1367 and 40 U.S.C. §§ 3131, 3133. We review "de novo the grant or denial of a renewed motion for judgment as a matter of law," *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002), and "for abuse of discretion a remittitur amount set by the district court," *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1087 (9th Cir. 2014). We review a district court's determination that a party is the prevailing party and is entitled to attorneys' fees and costs for abuse of discretion. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). We affirm.

1. In reviewing the district court's denial of a renewed motion for judgment as a matter of law and motion for new trial, we review the jury's factual findings for substantial evidence.[1] *Freitag v. Ayers*, 468 F.3d 528, 537 (9th Cir. 2006) ("A jury's verdict, including a damages award, must be upheld if supported

---

[1] Pacific argues that the jury's delay damages award violates basic rules of contract interpretation and should be reviewed de novo, but this case does not involve a question of contract interpretation. *See Felder v. United States*, 543 F.2d 657, 664 (9th Cir. 1976) (stating "calculation of damages . . . is a question of fact"). The subcontracts at issue include the duration of the "*entire* work," not Porges's portion of the work alone. Thus, calculating the delay damages does not involve interpreting contract language, and our review of the jury's findings is based on the substantial evidence standard. *Freitag*, 468 F.3d at 537.

by 'substantial evidence.'" (citation omitted)). We find that the jury's award for delay damages is supported by substantial evidence in the record.

First, the number of delay days used to calculate damages for home office overhead ("HOOH") and field office overhead ("FOOH") for both sites are supported by witness testimony and exhibits that were presented to the jury at trial. Although counsel for Pacific stated at oral argument that the same number of delay days (501 days) should be used to calculate HOOH and FOOH damages for Working Dog, the record indicates otherwise. For example, there is evidence in the record to support adding 79 delay days when calculating HOOH damages for Working Dog to account for Porges's mobilization period.

Second, the remainder of Pacific's challenges to the jury's delay damages award go to the weight of the evidence, which is not for this court to assess. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) ("If sufficient evidence is presented to a jury on a particular issue and if the jury instructions on the issue stated the law correctly, the court must sustain the jury's verdict . . . . [W]e do not weigh the evidence or make credibility determinations . . . ."). We therefore affirm the district court's denial of the renewed motion for judgment as a matter of law and motion for new trial.

2. The district court did not abuse its discretion by granting Porges's proposed remittitur. The district court granted a new trial on the FOOH and extra

work damages because they included duplicative damages. Porges proposed a remittitur in lieu of a new trial that omitted "the field overhead markup from all revised extra work items" and applied "a further reduction to the total award equal to 5-percent of the agreed contract change orders (again, to eliminate any such duplication of field overhead costs)." The district court did not abuse its discretion by finding that the proposed remittitur resolved the duplicative damages.

3. The district court also did not err by denying Pacific's motion for judgment as a matter of law on Porges's Miller Act claims. Porges incurred costs caused by the construction delays that fall under the coverage of the Miller Act. *See Mai Steel Serv., Inc. v. Blake Constr. Co.*, 981 F.2d 414, 418 (9th Cir. 1992) (explaining that a subcontractor may recover for "out-of-pocket costs caused by construction delays [that] fall within the intended coverage of the Miller Act"). Thus, Porges is entitled to recover against Travelers—Pacific's surety—in its capacity as a subcontractor.

4. And the district court did not abuse its discretion by finding that Porges is the prevailing party and is entitled to attorneys' fees and costs. Pacific and Travelers did not prevail on Porges's breach of contract and Miller Act claims, which constituted the bulk of the litigation and trial, and they were ultimately subject to a large judgment. *Rahmani v. Park*, 2011 Guam 7 ¶ 61 (explaining "the prevailing party to a suit, for the purpose of determining who is entitled to attorney fees, is the

21-15847

one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue"); *Guam Mem'l Hosp. Auth. v. Civ. Serv. Comm'n*, 2015 Guam 18 ¶¶ 45–46 (same). Even though the jury awarded Pacific back charges, the district court did not abuse its discretion by concluding that Porges is the prevailing party.

**AFFIRMED.**