Edwin CORTES, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY; Disney Long Term Disability Plan, Defendants.**

**No. CV 04–6362 NM(RZx).**

United States District Court, C.D. California.

June 30, 2005.

Glenn R. Kantor, Tracy A. Collins, Kantor and Kantor, Sherman Oaks, CA, Lyle R. Mink, Lyle R. Mink Law Offices, Los Angeles, CA, for Plaintiff.

Eric R. McDonough, Seyfarth Shaw, Los Angeles, CA, for Defendants.

AMENDED OPINION AND ORDER
AWARDING PLAINTIFF
ATTORNEYS' FEES

MANELLA, District Judge.

## I. INTRODUCTION

On August 2, 2004, Plaintiff Edwin Cortes ("Plaintiff") filed a complaint against Defendants Metropolitan Life Insurance Company and Disney Long Term Disability Plan (collectively, "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, to recover long term disability benefits that Plaintiff claims were wrongfully denied by Defendants. On January 19, 2005, the parties participated in a private mediation session, but were unable to settle the case. Shortly thereafter, on January 26, 2005, Defendants advised Plaintiff that his claim for benefits would be reinstated and past due benefits paid with interest.

On January 31, 2005, the parties submitted a joint stipulation and proposed order whereby the parties stipulated that "Defendants shall pay to Plaintiff all retroactive benefits due him, including interest thereon at 5%." Parties' Joint Stip. & Order Regarding Reinstatement of ERISA Claim ("Joint Stip. & Order") at 2. The parties further stipulated that "Plaintiff is entitled to reasonable attorney[s'] fees and costs." *Id.* On February 1, 2005, the court approved the parties' joint stipulation, and ordered the parties to mediate any fee dispute prior to the filing of a fee motion by Plaintiff. *Id.* at 3. After an unsuccessful mediation before Magistrate Judge Victor B. Kenton on March 17, 2005, Plaintiff filed the instant motion for attorneys' fees.

## II. DISCUSSION

### A. *Legal Standard*

■ Attorneys' fees under ERISA, 29 U.S.C. § 1132(g)(1), are calculated using a hybrid lodestar / multiplier approach. *McElwaine v. U.S. West, Inc.,* 176 F.3d 1167, 1173 (9th Cir.1999). The lodestar / multiplier approach has two parts. First, the court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir.2000).

■ Second, the court may adjust the lodestar upward or downward using a "multiplier" based on the factors discussed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975). The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. 526 F.2d at 70.[1]

■ "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the

---

1. Although *Kerr* also lists "whether the fee is fixed or contingent" as a factor to consider in setting a fee award, the Supreme Court subsequently held that enhancing an award of statutory attorneys' fees for contingency is im-

proper. *See City of Burlington v. Dague,* 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992); *Cann v. Carpenters' Pension Trust Fund,* 989 F.2d 313, 318 (9th Cir.1993).

lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen,* 214 F.3d at 1045 (citations and internal quotations omitted). Moreover, any adjustment may not be based on factors already subsumed in the initial lodestar calculation. *See Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir.1996). "Under the lodestar approach, many of the *Kerr* factors have been subsumed as a matter of law." *Id.* at 363 n. 8. Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. *Id.* at 364 n. 9.

### B. *Analysis*

As an initial matter, Defendants argue that Plaintiff is not entitled to an award of attorneys' fees under the five-factor test set forth in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir.1980). Defendants stipulated, however, that "Plaintiff is entitled to reasonable attorney[s'] fees and costs." Joint Stip. & Order at 2. Defendants cannot now back out of this stipulation by making the sophistic argument that "[i]n agreeing to this language, [Defendants] did not waive [their] right to contest [P]laintiff's claim under *Hummel* [sic], given that this [c]ourt could determine that, under *Hummel* [sic], [P]laintiff is not reasonably entitled to any fees." Defs.' Opp'n to Pl.'s Mot. for Attorneys' Fees ("Defs.' Opp'n") at 8 n. 4.

Plaintiff requests attorneys' fees in the amount of $48,877.50, consisting of 81.5 hours of work by Tracy Collins at $400 per hour, 12.1 hours of work by Glenn Kantor at $400 per hour, and 30.5 hours of work by Lyle Mink at $375 per hour. Plaintiff also seeks additional fees of $2,400.00 for six hours of Mr. Kantor's time to prepare the reply and supplemental declaration in support of the instant motion.

#### 1. *Reasonable Hourly Rate*

In determining the reasonableness of an attorney's rate, the court should be guided by the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 & n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541.

"Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990); *accord Davis v. City & County of San Francisco,* 976 F.2d 1536, 1547 (9th Cir. 1992) (declarations of prevailing market rate in relevant community are sufficient to establish appropriate rate for lodestar purposes), *vacated in part on other grounds by* 984 F.2d 345 (9th Cir.1993). Once the fee applicant has proffered such evidence, the opposing party must produce its own affidavits or other evidence to rebut the proposed rate. *United Steelworkers,* 896 F.2d at 407. In the absence of opposing evidence, the proposed rates are presumed reasonable. *Id.*

#### a. *Tracy Collins's and Glenn Kantor's hourly rate*

Plaintiff seeks attorneys' fees for the services provided by Tracy Collins and

Glenn Kantor at a rate of $400 per hour. In support of this hourly rate, Plaintiff submitted a declaration by Ms. Collins detailing her work experience. Ms. Collins, a partner in Kantor & Kantor, has been practicing law since 1989. Collins Decl. ¶ 6. For the past seven years, Ms. Collins has worked almost exclusively in the ERISA area. *Id.* Since January 2004, her hourly rate has been $400. Kantor Decl. ¶ 7. Plaintiff also submitted a declaration from Mr. Kantor detailing his work experience. Mr. Kantor, the founding partner of Kantor & Kantor, has been licensed to practice law for 20 years and has spent the majority of his time since 1987 practicing in the ERISA area. *Id.* ¶ 2. Since January 2004, Mr. Kantor has billed out at the hourly rate of $400. *Id.* ¶ 6.

In addition, Plaintiff presented the declarations of other ERISA attorneys in the Central District of California, namely Ronald Dean, Charles Fleishman, and Gary Nawa, in support of the hourly rate requested for Ms. Collins's and Mr. Kantor's services. Ronald Dean has been an attorney practicing ERISA law for over 30 years. Kantor Decl., Ex. 1 (Dean Decl.) at 8. As of August 2004 when Mr. Dean executed his declaration, he stated that his usual hourly fee, which is not contingent upon the result, is $475 per hour and that this has been his rate since January 2003. *Id.* at 7. Charles Fleishman has been practicing law since 1970 and his practice is devoted to ERISA matters. Kantor Decl., Ex. 1 (Fleishman Decl.) at 13. In August 2004 when Mr. Fleishman executed his declaration, he stated that he charges $400 per hour. *Id.* Gary Nawa has been an attorney since 1975 and his practice is

focused on ERISA and construction litigation. Kantor Decl., Ex. 1 (Nawa Decl.) at 11. In August 2004 when Mr. Nawa executed his declaration, he stated that his hourly rate for ERISA matters is $400. *Id.* at 12.[2]

Plaintiff also submitted four recent opinions from the Central District of California granting Plaintiff's counsel attorneys' fees in ERISA cases. On March 19, 2002, in *McKinney v. First Reliance Standard Life Ins. Co.*, CV 01–2548 DDP (CWx), Judge Dean Pregerson determined that $350 per hour was a reasonable hourly rate for Mr. Kantor and Ms. Collins. On December 16, 2003, in *Coyne v. Reliance Standard Life Ins. Co.*, CV 02–0965 JFW (CTx), Judge John Walter determined that $375 per hour was a reasonable hourly rate for Mr. Kantor and his associate. On January 20, 2005, in *Opeta v. Am. Bankers Life Assurance Co.*, CV 04–0083 WJR (AJWx), Judge William Rea determined that $375 per hour was a reasonable hourly rate for Mr. Kantor and another partner at Kantor & Kantor. On March 30, 2005, in *Broderick v. Prudential Ins. Co. of America*, CV 04–0719 GAF (MANx), Judge Gary Feess determined that $400 per hour was a reasonable hourly rate for Mr. Kantor and another partner at Kantor & Kantor.

Defendants argue that Ms. Collins's and Mr. Kantor's $400 hourly rate is unreasonably high, relying on Judge Percy Anderson's September 20, 2004 order in *Welch v. Metropolitan Life Ins. Co.*, CV 04–0084 PA (CTx). In *Welch*, Judge Anderson reduced Ms. Collins's and Mr. Kantor's rate to $250 per hour after finding that their requested rate might have been inflated to include a contingency mul-

**2.** Although Ms. Collins has only 15 years of litigation experience and 7 years of ERISA experience, she has handled several hundred ERISA administrative appeal and litigation matters. Collins Decl. ¶¶ 6, 7. Furthermore, Mr. Dean states in his declaration that he is familiar with her work and she is "extremely knowledgeable in the field of ERISA disability claims. Based on [his] background in [the] ABA's CLE programs, including choosing the best and most knowledgeable speakers, [he] would certainly rate Ms. Collins in the top 10%." Kantor Decl., Ex. 1 (Dean Decl.) at 10.

tiplier. *Id.* There is, however, no evidence before this court that Ms. Collins's and Mr. Kantor's hourly rate reflects a contingency multiplier, as their requested rate of $400 per hour is within the bounds of the "prevailing market rates" as evidenced by the declarations of Mr. Dean, Mr. Fleishman, and Mr. Nawa.

Defendants argue that these declarations from other ERISA attorneys are irrelevant, and that "[w]hile such declarations may be accepted by some courts, the real issue is whether Kantor & Kantor's rate is ever charged to their own clients." Defs.' Opp'n at 15. To the contrary, the Ninth Circuit has stated that "determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party. In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986) (citations omitted). The declarations of Plaintiff's attorneys and other ERISA attorneys regarding prevailing fees in the community are satisfactory evidence of the prevailing market rate. *See United Steelworkers,* 896 F.2d at 407; *Davis,* 976 F.2d at 1547. Moreover, Defendants offer no contrary affidavits or other evidence suggesting that Ms. Collins's and Mr. Kantor's rate is not in line with the prevailing rates in the community.[3]

■ Based on the evidence submitted by Plaintiff and in the absence of any evidence submitted by Defendants, the court finds that $400 per hour is a reasonable hourly rate for the services provided by Ms. Collins and Mr. Kantor.

### b. *Lyle Mink's hourly rate*

■ Plaintiff further seeks attorneys' fees for the services provided by Lyle Mink at a rate of $375 per hour. In support of this hourly rate, Plaintiff submitted a declaration from Mr. Mink, stating that he was admitted to practice law in 1972 and that he has limited his practice during the past 33 years to business litigation, including insurance disputes. Mink Decl. ¶ 2. Mr. Mink states that his normal hourly rate is $375. *Id.* Mr. Mink's declaration is silent, however, as to whether he has any ERISA experience. Moreover, Mr. Mink provided no declarations from attorneys of comparable skill, experience, and reputation to demonstrate that his hourly rate is in line with prevailing market rates. Although Mr. Mink was served with Defendants' opposition to the instant motion, which noted the lack of evidence regarding his experience and hourly rate, Mr. Mink failed to reply to Defendants' arguments or present additional evidence. Because Plaintiff fails to meet his burden of producing satisfactory evidence supporting the requested rate for Mr. Mink, the court deducts the $11,437.50 billed for the services of Mr. Mink from the total amount of fees requested by Plaintiff.[4]

---

3. Furthermore, Plaintiff submitted a supplemental declaration from Mr. Kantor stating that Kantor & Kantor partners do charge and receive $400 per hour from their clients, including two recent matters in which Kantor & Kantor partners were retained at $400 per hour to attend a mediation in a case pending before the Superior Court of the State of California and to provide guidance to a physician regarding the claim process. Kantor Supp. Decl. ¶ 2.

4. Furthermore, Defendants assert that Mr. Mink's invoice is not contemporaneous, as evidenced by time entries presented out of chronological order. While "[t]he lack of contemporaneous records does not justify an automatic reduction in the hours claimed, ... such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation." *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.,* 886 F.2d 1545, 1557 (9th Cir.1989). Mr. Mink neither re-

### 2. *Reasonable Number of Hours Expended*

■■■■■ "In determining reasonable hours, [the party requesting fees] bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers,* 796 F.2d at 1210. If the documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Furthermore, the court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen,* 214 F.3d at 1045 (citing *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933). Cases may be overstaffed and hours duplicated. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. Counsel for the prevailing party is expected to exercise good billing judgment by making a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.*

Here, Plaintiff's request for attorneys' fees includes 81.5 hours for Tracy Collins and 18.1 hours for Glenn Kantor. Plaintiff submitted an itemized billing statement detailing the attorneys' hours by day and task. *See* Collins Decl., Ex. 2 (Statement for Professional Services). Defendants present several arguments for reducing the number of hours claimed, each of which will be addressed in turn.

#### a. *Billing in quarter-hour increments*

Defendants argue that in an attempt to comply with Judge Anderson's order in *Welch* regarding the impropriety of Kantor & Kantor's billing in quarter-hour increments, Plaintiff's counsel simply changed 0.75 hour entries to 0.8 hour entries and 0.25 hour entries to 0.3 hour entries. Defendants' assertion is, however, purely speculative. In addition to 0.3 and 0.8 hour entries, there are numerous 0.1, 0.2, 0.4, 0.6 and 0.7 hour entries, evidencing that Plaintiff's counsel billed in one-tenth of an hour increments.[5]

#### b. *Excessive hours*

Defendants argue that some of Ms. Collins's entries are excessive. First, Defendants assert that the time Ms. Collins spent on March 3, 2004 and November 18, 2004 reviewing e-mails was excessive. After reviewing Ms. Collins's billing statement and Defendants' submission of the e-mails exchanged, the court agrees. Accordingly, the court deducts 1.4 hours from Ms. Collins's time.

■■■■ Next, Defendants argue that the 1.5 hours that Ms. Collins spent to prepare the Complaint was excessive because it is a "boilerplate complaint." Plaintiff explains that "in preparing even a basic complaint, counsel must confirm that the administrative remedies have first been exhausted, then determine in what [c]ourt to file the action, and determine what ancillary benefit plans are at issue, and then prepare the Complaint, the Notice of Interested Parties, and the Civil Cover sheet." Pl.'s Reply at 7–8 n. 6. The court finds that 1.5 hours is a reasonable amount of time to spend on these tasks.[6]

plied to Defendants' argument nor presented additional evidence.

5. While there are two 0.75 hour entries for Ms. Collins, one on February 18, 2005 for "Letter to client re status and future" and one on March 10, 2005 for "Review first payment from Metlife, review prior calculations to ascertain discrepancy re expected payment," the court finds the time expended on these tasks reasonable.

6. Defendants further argue that editing a form complaint should not be charged at a rate of $400 per hour. The court may, however, apply a uniform rate to the legal work performed by Plaintiff's counsel. *See Davis,* 976 F.2d at 1548 ("Private practitioners do not generally charge varying rates for the different lawyerly tasks they undertake on a given case, and we have *squarely* held that the district courts can act accordingly in their calculation of fee awards.").

#### c. Clerical work

On October 19, 2004, Ms. Collins billed 0.5 hours for sending faxes to Mr. Mink and Defendants' counsel, and on February 4, 2005, Ms. Collins billed 1.2 hours for preparing the fee bill. Purely clerical or secretarial tasks should not be billed at a lawyer's rate. *See Davis*, 976 F.2d at 1543. Accordingly, the court deducts 1.7 hours from Ms. Collins's time.

#### d. "Block-billed" time entries

Defendants argue that Ms. Collins has a number of "block-billed" entries for reviewing the administrative record or client documents and for preparing the mediation brief. However, block billing occurs when one amount of time is shown for working on more than one discrete task. *See Mogck v. Unum Life Ins. Co. of America*, 289 F.Supp.2d 1181, 1192–93 (S.D.Cal.2003). Ms. Collins's entries for "[r]eview[ing] extensive client documents, including plan documents and medical records," or for "[p]repar[ing] mediation brief" are for discrete tasks, and are thus not "block-billed" entries. *See Hensley*, 461 U.S. at 437 n. 12, 103 S.Ct. 1933 ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

#### e. Time spent on ex parte application for contempt

On March 13, 2005, Ms. Collins billed 3.5 hours for the preparation of an ex parte application "for contempt for failure to comply with order of court re benefit payments." Although the parties had stipulated that all retroactive benefits due Plaintiff would be paid to him by February 25, 2005, Defendants failed to make a payment by that date. Plaintiff asserts that he "was left no option but to prepare ex parte papers to compel [Defendants] to live up to [their] promise and pay [Plaintiff] his retroactive benefits." Pl.'s Reply at 8.

However, after Ms. Collins e-mailed Defendants' counsel on March 1, 2005 to inquire about the late payment, Defendants' counsel sent two benefit checks to Ms. Collins on March 10, 2005 via Federal Express. *See* McDonough Decl., Ex. 9 (Mar. 1, 2005 e-mail exchange), Ex. 10 (Mar. 10, 2005 letter). It appears that Ms. Collins received these checks on March 10, 2005, as evidenced by her billing entry on that date for "[r]eview [of] first payment from MetLife." Thus, it is unclear why it was necessary for Ms. Collins to prepare the ex parte application, which was never filed with the court, after receiving the checks. Accordingly, the court deducts 3.5 hours from Ms. Collins's time.

#### f. Time spent preparing for and attending fee mediation

Defendants argue that they should not have to pay for the time spent by Plaintiff's counsel preparing for and attending the fee mediation ordered by the court. However, time spent by counsel in establishing the right to a fee award is compensable. *Davis*, 976 F.2d at 1544. Defendants present no principled reason why Plaintiff's counsel should not be compensated for the time spent complying with the court's order to submit the fee dispute to mediation.

### III. CONCLUSION

Based on the foregoing, the court AWARDS Plaintiff attorneys' fees in the amount of $37,200.00, consisting of 74.9 hours of work by Tracy Collins at $400 per hour and 18.1 hours of work by Glenn Kantor at $400 per hour.

IT IS SO ORDERED.