**Pauline VELEZ, Plaintiff–Appellant,**

v.

**Michael W. WYNNE, Secretary of the Department of the Air Force, Defendant–Appellee.**

No. 04–17425.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Jan. 29, 2007.

John Ota, Esq., Minami, Lew & Tamaki Union Square, San Francisco, CA, Richard M. Pearl, Esq., Law Offices of Richard M. Pearl, Berkeley, CA, for Plaintiff–Appellant.

Claire T. Cormier, USSJ–Office of the U.S. Attorney, San Jose, CA, for Defendant.

Before: WALLACE and THOMAS, Circuit Judges, and EZRA *, District Judge.

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sit-

MEMORANDUM **

Plaintiff/Appellant Pauline Velez ("Velez") appeals the district court's order granting her request for attorneys' fees. We remand this case to the district court for findings consistent with this memorandum.

Because the parties are familiar with the facts and procedural history of the case, we will not recount it here. The district court's assessment of attorney's fees is reviewed for abuse of discretion. *Morales v. City of San Rafael,* 96 F.3d 359, 362 (9th Cir.1996) (as amended). "A district court abuses its discretion when it awards fees based on an inaccurate view of the law or a clearly erroneous finding of fact." *Wilcox v. City of Reno,* 42 F.3d 550, 553 (9th Cir.1994) (internal quotation omitted).

Velez argues that the district court abused its discretion by reducing the lodestar amount by 25% based upon its finding that she did not obtain a total victory or complete vindication, and by not treating the lodestar amount as presumptively reasonable. We agree.

Although the district court cited to *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), it failed to properly apply the process required to determine attorneys' fees. Where the prevailing party was only partially successful, and the unsuccessful and successful claims are related, the district court must focus on whether the hours spent in litigation were reasonably necessary to obtain the relief that was ultimately obtained. *Dang v. Cross,* 422 F.3d 800, 813 (9th Cir.2005). The district court found that Velez had limited success because the main focus of the trial was Velez's claim that the abeyance and reviews

leading up to it were discriminatory, yet Velez lost her disparate treatment claim. In making this finding, however, the district court did not discuss whether winning the hostile work environment claim and receiving the maximum statutory amount allowed justified the expenditure of over 2,000 hours of attorney time.

■ Specifically, the district court failed to identify any fees that had been factored into the lodestar that were unnecessary to the pursuit of Velez's successful hostile work environment claim. The district court could have discussed all the evidence introduced (not just the abeyance and reviews leading up to it) and determined which evidence possibly could have contributed to the verdict. The district court could have then attempted to approximate the percentage of time spent on developing and introducing the evidence that possibly supported a hostile work environment claim and separated those events from the events that could have only supported the losing claims. Instead, the district court reduced the total number of hours as being excessive before calculating the lodestar, and then reduced the lodestar amount without discussing the relationship between the relief obtained and the hours spent and without an explanation of the exceptional circumstances requiring such a reduction. In other words, the district court did not analyze whether any of the hours used to calculate the lodestar amount were unnecessary to win the hostile work environment claim.

Although the district court found that all of Velez's claims were related and thus, it could not separate out the time spent on the unsuccessful claims from the successful ones, the court was still obligated to con-

---

ting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sider the "results obtained" in relation to the scope of the trial in calculating the lodestar figure. *See Morales,* 96 F.3d at 364. Prior to calculating the lodestar, the district court noted that Velez's attorneys already deducted 70 hours for inefficiency. The court then excluded approximately 286 more hours before calculating the lodestar since it determined these hours were excessive, unnecessary, or otherwise non-compensable. The district court should have enumerated what other hours were non-compensable because they were not spent to achieve the result obtained, before calculating the lodestar figure, and then treated that figure as presumptively reasonable. *Cunningham v. County of Los Angeles,* 879 F.2d 481, 487 (9th Cir.1989) (once the lodestar amount is determined, it is presumed reasonable and adjustment to the lodestar amount should be made only in rare and exceptional cases); *see also Quesada v. Thomason,* 850 F.2d 537, 539–40 (9th Cir.1988) (district court abused its discretion in reducing the lodestar amount since the lodestar should be presumed reasonable and it should not be reduced simply because the amount of damages awarded was small). The court failed to do so and did not offer an explanation as to the exceptional circumstances that supported adjustment to the presumptively reasonable lodestar. *See Cunningham,* 879 F.2d at 488 ("Only in rare or exceptional cases will an attorney's *reasonable* expenditure of time on a case not be commensurate with the fees to which he is entitled. Adjustments to the lodestar based on 'results obtained' must be supported by evidence in the record demonstrating why such deviation from the lodestar is appropriate.").

In addition, the district court apparently gave significant weight to the fact that Velez did not receive all relief requested, such as the injunction she sought and economic damages. ER 585 (district court stated "[i]mportantly, much of the relief sought by Dr. Velez was not obtained"). Failure to receive all relief requested, however, without a review of whether the relief obtained justified the hours expended, should not be considered a significant factor. *See Hensley,* 461 U.S. at 435 n. 11, 103 S.Ct. 1933 ("it is not necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time."); *Quesada,* 850 F.2d at 539–40 ("courts should not reduce lodestars based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested.... Failure to obtain all relief requested for a claim on which the plaintiff prevailed should not deprive plaintiff's attorney of a reasonable hourly fee for hours needed to obtain the relief."); *Dang,* 422 F.3d at 813 ("a plaintiff does not need to receive all the relief requested in order to show excellent results warranting the fully compensatory fee.").

Accordingly, the district court abused its discretion by reducing the presumptively reasonable lodestar amount without an analysis of whether the result obtained justified the hours spent and without an explanation of the exceptional circumstances supporting such reduction.

■ Velez also argues that the district court abused its discretion by not affording sufficient weight to the declarations she submitted, and by requiring the declarations to contain information regarding discounted rates. We agree. Although Velez indicated in a footnote in her reply brief that she appeals all rate reductions, including those applied to paralegals and law students, Velez focused only on the hourly

rates for attorneys Yamauchi and Lee in her opening brief and failed to make any specific arguments with respect to any other counsel, paralegal, or law student. As such, Velez has waived any argument with respect to the hourly rates that the district court found reasonable for the services of Kwong, Duarte, Trang, the two paralegals, and the two law student clerks. *See Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1100 (9th Cir.1998) ("Ordinarily, a party's failure to raise an issue in the opening brief constitutes a waiver of that issue"). This remand to reconsider the hourly rates, therefore, pertains only to attorneys Yamauchi and Lee.

> The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." The defendant may introduce rebuttal evidence in support of a lower hourly rate.

*Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001) (citations omitted). "In the absence of opposing evidence, the proposed rates are presumed reasonable." *Cortes v. Metro. Life Ins. Co.*, 380 F.Supp.2d 1125, 1129 (C.D.Cal.2005) (citation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community ... are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990); *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir.1991) ("declarations stating that the rate was the prevailing market rate in the relevant community [was] ... sufficient to establish the appropriate rate for lodestar purposes."). This Court does not require "an idealized standard of precision in fee applications." *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 472 (9th Cir.2000).

We find that the district court has placed an unrealistic standard of precision that is not required. The declarations submitted provided much more information than the identity of the practice area, as stated by the district court. For example, Barry Goldstein, Steven Zieff, Kathryn Dickson, and Mary Dryovage outlined their education and professional experience, highlighted their area of speciality, set forth special recognition and achievements, and discussed cases they handled and/or the percentage of time spent litigating employment cases. Mr. Pearl summarized his education background and practice area and then listed pages of cases showing the hourly rate awarded to various attorneys and the years of experience each attorney had at the time of the award.

Moreover, the declarations which set forth a current hourly rate confirmed that that hourly rate was the rate that the attorney actually charged and billed to clients, and the rate that clients paid. For example, Barry Goldstein and Steven Zieff each set forth their current hourly rate and stated that it is the rate that is charged and billed to clients and paid by fee-paying clients. Richard Pearl set forth rates awarded in other cases from 1999 to 2004 to attorneys based upon their years of experience and stated that the hourly rates set forth in his declaration were the rates *charged*. Accordingly, the declarations show that these other attorneys did not discount their hourly rate to fee paying clients, and instead demonstrate that the rate set forth is the rate actually charged. For this reason, the instant case is distinguishable from the *Allen v. Bay Area Rapid Transit Dist.*, No. C00–3232 VRW, 2003 WL 23333580 (N.D.Cal. July 31, 2003) and the *Gilliam v. Sonoma County*, No. C 02–3382 VRW, 2003 WL 23341211 (N.D.Cal.

Dec.22, 2003) cases cited by the district court.

While the declarations submitted by Velez could have been more useful had each of them contained the hourly billing rate charged by the declarant, some of the declarations had such information. Accordingly, the district court abused its discretion in requiring the declarations submitted by Velez to contain more information to compare attorneys, and information regarding discounted rates. In addition, to the extent the court considered write-offs in determining an hourly rate, the court abused its discretion, as write-offs reflect certain hours not billed, and do not reflect a discounted hourly rate or otherwise shed light on a reasonable hourly rate.

As the district court found that the survey evidence submitted by the opposing party did not establish that the requested hourly rate of $475 was unreasonable, Velez's evidence was not rebutted, and therefore, the district court erred by not finding Velez's evidence sufficient to carry her burden of demonstrating the prevailing market rate. Since Velez's evidence established the prevailing market rate, it was unnecessary for the district court to engage in its own review of recent fee awards and accord substantial weight to such awards.

Velez also argues that the district court erred by considering the actual rates charged by her counsel. This Court has held that it is an abuse of discretion for the district court to rely on the rate actually charged by an attorney to its client in the specific case. *Mendenhall,* 213 F.3d at 471. Here, however, there is no evidence that the district court relied on the rate actually charged to Velez, as no such evidence was ever presented to the district court.

We therefore hold that the district court abused its discretion when it reduced the lodestar amount because it did not conduct an analysis of whether the hours spent justified the results obtained prior to calculating the lodestar figure. The district court also abused its discretion in determining the hourly rate of Velez's attorneys Yamauchi and Lee because it mischaracterized the declarations submitted by Velez in support of her fee application and required a standard of precision in such declarations that is not required.

**REMANDED.**

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the magistrate judge (MJ) abused his discretion by reducing the lodestar amount by 25%. I disagree, however, that the MJ abused his discretion by compensating some of Velez's attorneys and their staff at less than their requested hourly rates.

**I**

Velez provided the MJ with attorney declarations indicating that Lee and Yamauchi's requested rate of $475.00 per hour was "in line with rates charged for comparable complex employment litigation" in the Bay Area. Although the MJ found the declarations "competent and probative," he also found that they "lack[ed] some degree of specificity and precision in establishing the comparability of the referenced firms and attorneys to Mr. Lee and Mr. Yamauchi." Furthermore, the MJ found the absence of evidence that Lee or Yamauchi actually charge fee-paying clients $475.00 for their services "problematic."

In rebuttal, the Air Force submitted an "expert" declaration (the Schratz declaration), which, in turn, relied on a two-year old survey of attorneys fees. The MJ

found the survey "problematic." Indeed, the MJ found that "[t]o the extent the survey has any probative value, it does not establish that [Lee and Yamauchi's] requested hourly rate of $475 is unreasonable." Neither party challenges this finding on appeal.

The MJ then considered, on his own notice, six fee awards in the Northern District of California setting rates between $325.00 per hour and $450.00 per hour for similarly experienced Title VII and civil rights attorneys. All of those orders were filed in either 2003 or 2004. The MJ found that these awards carried "substantial weight." He ultimately denied the requested rate of $475.00 per hour and awarded what he deemed "the reasonable prevailing market rate" of $425.00 per hour "[b]ased on [his] experience, the recent awards of judges in [ ]his District, as well as the declarations filed by the parties."

The MJ awarded fees to other counsel and their staff as well, adjusting downward the rates requested by Kwong, Duarte, Trang, two paralegals, and two law student clerks. The MJ did not adjust the rate requested by Yu–Yee Wu and Ota.

## II

On appeal, Velez argues that the MJ "paid lip service" to the proper legal standard for determining reasonable rates, but then effectively "disregarded [the standard]" in arriving at his final rate determinations. I agree with the majority that Velez has waived any argument with respect to the hourly rates the MJ found reasonable for the services of Kwong, Duarte, Trang, the two paralegals, and the two law student clerks.

I therefore only consider the limited issue of whether the MJ abused his discretion by denying Lee and Yamauchi's requested rate of $475.00 per hour and

awarding instead a rate of $425.00 per hour. "[A] reasonable hourly rate is calculated according to the prevailing market rates in the relevant community...." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001) (internal quotations omitted). "The burden is on the plaintiff to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotations omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [plaintiff's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990). "The defendant may introduce rebuttal evidence in support of a lower hourly rate." *Sorenson*, 239 F.3d at 1145. In the absence of either competent rebuttal evidence or a finding that counsel performed below the level of expertise that would command his or her requested rates, the requested rates are presumed reasonable. *See United Steelworkers*, 896 F.2d at 407.

I would not hold that the MJ's thorough probing of Velez's evidence on the issue of a reasonable rate necessarily constitutes an abuse of discretion. We have cautioned against holding such evidence to an "idealized standard of precision" for purposes of determining whether a plaintiff has met her initial burden of production. *Cf. Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 472 (9th Cir.2000) (as amended) (holding that the NTSB abused its discretion by finding that Mendenhall's submissions were too vague to carry her initial burden of production). Once the MJ determines that the burden is met, however, he is entirely within the bounds of his

discretion to assess the persuasiveness of the evidence before him. Although he may have indicated it much more clearly, the MJ did *not* hold that Velez failed to carry her initial burden of production. Indeed, quite the opposite: the MJ found Velez's evidence "competent and probative." As such, I cannot agree with the majority that the MJ's probing inquiry necessarily constituted an abuse of discretion.

Moreover, despite the majority's unsupported assertion to the contrary, the MJ *could* engage in his own review of recent fee awards and accord substantial weight to them. I am aware of no precedent limiting the scope of a MJ's inquiry on the issue of reasonable rates to the record produced by the parties. Indeed, "[u]nder Fed.R.Evid. 201, a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001) (internal quotations omitted). Fees awards are matters of public record.

I would thus review the MJ's decision to take judicial notice of the 2003 and 2004 orders as "competent rebuttal evidence" for abuse of discretion. *See id.* Velez complains that "these other fee orders were never cited by the Defendant or even mentioned by the court prior to its written order" and that she "never had an opportunity to review, rebut, or distinguish them." Velez did not move for reconsideration and has not argued that the orders were not probative of the issue of a reasonable rate, nor has Velez argued that the MJ misconstrued the orders. In the absence of any showing of prejudice, I would hold that the MJ did not abuse his discretion by taking judicial notice of the orders.

Against this background, I would hold that the MJ satisfied his obligation to pro-

vide "some explanation as to how [he] arrived at [his] figures." *United Steelworkers,* 896 F.2d at 406. I would therefore affirm the $425.00 rate.