**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALISON N. TERRY, | No. 12-56779 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01459-MMA-KSC |
| v. | |
| CITY OF SAN DIEGO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 10, 2014
Pasadena, California

Before: TASHIMA, N.R. SMITH, and MURGUIA, Circuit Judges.

Alison Terry appeals the partial grant of her motion for attorneys' fees,

which she brought as the prevailing party under 42 U.S.C. § 2000e-5(k) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

California Government Code section 12965.[1] Reviewing for abuse of discretion, *Dannenberg v. Valadez*, 338 F.3d 1070, 1073 (9th Cir. 2003), we affirm in part and vacate and remand in part.

Guardian of the purse strings. The district court did not abuse its discretion by improperly assuming a role not supported by law. When read in context, the district court's statement that it served as "guardian of the purse strings" is merely another way of stating the district court's role—determining a reasonable fee when there has not been an agreed-upon amount. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("[F]ee awards are not negotiated at arm's length, so there is a risk of overcompensation. A district court thus awards only the fee that it deems reasonable."); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 33 Cal. Rptr. 3d 644, 670-72 (Ct. App. 2005) (discussing process of setting a reasonable fee); 42 U.S.C. § 2000e-5(k); Cal. Gov't Code § 12965(b).

Reducing requested hours. In calculating the lodestar amount, the district court did not reduce requested hours for unreasonableness in a manner prescribed

---

[1] Although California courts often look for guidance to federal decisions construing 42 U.S.C. § 2000e-5(k) to interpret California Government Code section 12965(b), federal decisions do not control section 12965(b)'s interpretation. *Flannery v. Cal. Highway Patrol*, 71 Cal. Rptr. 2d 632, 639 (Ct. App. 1998). Thus, we review the district court's order under the precedent interpreting each statute.

by law. The district court should have (1) "conduct[ed] an hour-by-hour analysis of the fee request, and exclud[ed] those hours for which it would be unreasonable to compensate"; or (2) made "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure."[2] *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (internal quotation marks omitted); *Graciano v. Robinson Ford Sales, Inc.*, 50 Cal. Rptr. 3d 273, 288 (Ct. App. 2006) (allowing elimination of hours or reduction of award). When the district court chooses the latter option, it must explain "its reasons for choosing [the] given percentage reduction," *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1993), unless the total cut is "no greater than 10 percent," *Moreno*, 534 F.3d at 1112; *see also Gonzalez*, 729 F.3d at 1204, 1205 n.5 (requiring explanations for a five percent cut when the cumulative percentage of cuts exceeded ten percent). The explanation requirement applies when a federal court reviews an award of attorneys' fees under California Government Code section 12965(b). *See Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 226-27 (9th Cir. 2013). Here, the district court did not properly follow either method: Under the first method, the district court did not identify

---

[2] The second option only applies to "massive fee application[s]." *Gonzalez*, 729 F.3d at 1203. We consider Terry's fee application "massive," and the parties do not argue otherwise.

3

which hours were being eliminated. Under the second method, it did not explain its reasoning for the particular number of hours reduced, which exceeded ten percent.

Most of Terry's specific arguments regarding categories of claimed hours the district court eliminated fail. The district court did not abuse its discretion under *Horsford* by reducing claimed hours from counsel's verified time records, because the district court did not "disregard[] the time records completely." 33 Cal. Rptr. 3d at 673.

The district court also did not abuse its discretion in subtracting some of Terry's hours claimed for motion practice as unnecessary or excessive. *See Gonzalez*, 729 F.3d at 1203; *Horsford*, 33 Cal. Rptr. 3d at 673. Terry's contention that the district court erred by deducting hours spent on successful motions is unavailing, because the district court did not find the *motions* unnecessary or excessive. Rather, the district court deemed the filing of written briefs unnecessary.

Contrary to Terry's argument, the law does not require the district court to compensate for all the time her counsel spent conferring among themselves. She cites no controlling authority demonstrating such activity is always compensable as a matter of law. Thus, the district court had discretion to reduce hours so spent, which it deemed unnecessary or excessive. *Gonzalez*, 729 F.3d at 1203; *Horsford*, 33 Cal. Rptr. 3d at 673.

4

The district court did not clearly err, *see Richard S. v. Dep't of Dev. Servs. of Cal.*, 317 F.3d 1080, 1086 (9th Cir. 2003), in finding Terry sought to recover fees for time spent "gossiping." Terry sought compensation for conversing about the fact the district judge once worked for the defendant City of San Diego ("the City"). However, the district court did clearly err by finding Richard Benes billed 14.3 hours on "case administration" when the billing record only reflects 0.9 hours.

Terry contends the district court erred under the federal statute by disallowing compensation for time spent reading a news article and communicating with the media. The district court did not abuse its discretion by denying compensation for such activity after trial, because compensable public relations work must be "directly and intimately related to the successful representation of a client." *Davis v. City of S.F.*, 976 F.2d 1536, 1545 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

The district court correctly held that attorney hours devoted to clerical work should be deducted. *See id.* at 1543; *Collins v. City of L.A.*, 139 Cal. Rptr. 3d 880, 895 (Ct. App. 2012). Terry misapplies *Moreno* when she claims the district court impermissibly criticized "how Terry's counsel staffed the case" when it deducted for clerical work. *Moreno* refers to criticism of *attorney* staffing decisions,

specifically whether the prevailing party should have "used a less skilled attorney, rather than the lead counsel, to perform document review." 534 F.3d at 1114.

Terry concedes the law recognizes that co-counsel editing each other's briefs can constitute unreasonably duplicative time. Additionally, the district court need not allow compensation for all time a lawyer spends preparing for and attending district court hearings, when the lawyer does not participate at such hearings. Thus, deducting such duplicative time was squarely within the district court's discretion. *Id.* at 1112; *Horsford*, 33 Cal. Rptr. 3d at 672.

The district court correctly held that Terry's successful and unsuccessful claims were related. *See Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995). Accordingly, it was error to deduct hours for unsuccessful claims, effectively impermissibly "divid[ing] the request for attorney's fees on a claim-by-claim basis." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009). This constitutes error under the state statute as well. *See Wysinger v. Auto. Club of S. Cal.*, 69 Cal. Rptr. 3d 1, 15 (Ct. App. 2007). The district court should have considered limited success of the overall litigation when determining whether to adjust the lodestar downward. *Odima*, 53 F.3d at 1499.

Under the state statute, the district court did not abuse its discretion by not awarding fees on fees. Hours spent on an unreasonably inflated fee request are not

reasonable and therefore may be deducted. *Meister v. Regents of Univ. of Cal.*, 78 Cal. Rptr. 2d 913, 925 (Ct. App. 1998). However, under the federal statute, the district court was required to award some fees on fees, although it retained discretion to reduce the hours or total award for unreasonableness. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996).

Determining reasonable hourly rate. The district court rejected Terry's evidence of reasonable hourly rate, although the City did not produce any evidence on this factor. Thus, under the federal statute, the district court impermissibly relied solely on its own knowledge and experience to determine a reasonable hourly rate. *See Gonzalez*, 729 F.3d at 1206. Under the state statute, the district court also abused its discretion, because unrebutted evidence submitted to establish the requested rate is the prevailing rate in the community for attorneys with comparable skills and expertise compels the district court to find the requested rate reasonable. *See Graciano*, 50 Cal. Rptr. 3d at 287.

On remand, the district court may, in its discretion, accept new evidence to determine a reasonable rate. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007) (holding district court on remand could reduce requested rates based on "evidence that undermines the reasonableness of the rate requested"

although the party opposing the request for fees had not previously introduced any evidence undermining requested rates).

Multipliers. Under the federal statute, the district court properly denied Terry's request for a 2.0 multiplier. The Supreme Court has specifically forbidden adjusting upward an award for contingent risk, *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995), and no "exceptional circumstances" justify such an enhancement in this case, *see Chalmers v. City of L.A.*, 796 F.2d 1205, 1212 (9th Cir. 1986).

Under the state statute, the district court had discretion whether to decline to apply a positive multiplier. *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140, 157 (Cal. 2005); *Nichols v. City of Taft*, 66 Cal. Rptr. 3d 680, 687 (Ct. App. 2007); *see also Chaudhry v. City of L.A.*, 751 F.3d 1096, 1112 (9th Cir. 2014) (noting that "California law allows for a multiplier of the lodestar to compensate for the risk of contingent representation"). The district court did not consider the multiplier question under state law, including the possibility of an upward adjustment for contingency risk. A court abuses its discretion when it fails "to consider the relevant factors for awarding an enhancement multiplier." *Nichols*, 66 Cal. Rptr. 3d at 686 (requiring that a trial court's "discretion be exercised based on an actual evaluation of the relevant criteria"). On remand, the district court should consider

whether a multiplier under state law is warranted. *See Gonzalez*, 729 F.3d at 1210-11.[3]

Under the federal statute, we conclude that the district court abused its discretion in applying a negative 0.8 multiplier for limited success. Terry obtained a $100,001 damages award. Her request for injunctive relief was denied, not on the merits, but because it was moot. In any event, the damages award alone—$100,000+— is significantly higher than awards in other civil rights cases in which we have found that the plaintiff had achieved a significant public benefit. *See, e.g.*, *Morales v. City of San Rafael*, 96 F.3d 359, 364-65 (9th Cir.1996) (stating that a section 1983 plaintiff achieved a "significant" public benefit by virtue of the jury's holding "the city and officer responsible for his unlawful arrest," and by virtue of a $17,500 damages award, concluding that it "established a deterrent to the city, its law enforcement officials and others").[4] On remand, after explicit consideration of the applicable factors, the district court should explain the

---

[3] Terry is wrong that the district court failed to compensate her for delay in payment. The district court applied the current attorney rate rather than historic rates to hours billed in earlier years.

[4] We note that the only case the district court cited in support of its finding that Terry achieved only "limited success," *Velez v. Wynne*, was reversed on appeal because the district court "failed to properly apply the process required to determine attorneys' fees." *Velez v. Wynne*, 220 F. App'x 512, 513 (9th Cir. 2002).

reasons for its decision to apply a particular (negative or positive) multiplier. *See Gates*, 987 F.2d at 1400.

The district court abused its discretion by reducing the lodestar without an adequate explanation of its reasons for choosing the particular negative lodestar. *See id.* On remand, after fully considering the applicable factors, the district court should explain its reasons for applying any adjustment to the lodestar.

Double-counting. It appears the district court both reduced hours and applied the 0.8 multiplier for limited success, and the district court erred in so doing. Both statutes prohibit such double-counting. *See Moreno*, 534 F.3d at 1115; *Flannery*, 71 Cal. Rptr. 2d at 644.

Request to remand to different judge. We do not remand to a different district judge, because Terry's arguments and evidence do not reveal "unusual circumstances necessitat[ing] reassignment both for the judge's sake and for the appearance of justice." *Sederquist v. City of Tiburon*, 765 F.2d 756, 763 (9th Cir. 1985) (internal quotation marks omitted).

**AFFIRMED** in part, **VACATED** and **REMANDED** in part.

The parties shall bear their own costs.