NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT JOHNSON, | No. 20-16387 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-08075-EJD |
| v. | Northern District of California, San Jose |
| EDWARD K. LI, in individual and representative capacity as trustee of The Li Family Trust dated March 10, 1988; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted May 11, 2021
San Francisco, California

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,** Judge.

Plaintiff-Appellant Scott Johnson (Johnson) appeals the district court's

award of attorneys' fees and litigation costs in an action brought under the

Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Rights Act. The district court awarded Johnson $6,157.50 in attorneys' fees and $875 in costs, awarding a lower than requested rate for each attorney and reducing the number of hours billed for some tasks. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review an award of attorney's fees for an abuse of discretion." *Armstrong v. Davis*, 318 F.3d 965, 970 (9th Cir. 2003). "[T]he district court has discretion in determining the amount of a fee award[,]" but in exercising that discretion "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The district court properly applied the lodestar method in this case. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Each time the district court reduced an attorney's rate or reduced the number of hours billed for a task, it provided sufficient explanation and based its decisions on appropriate factors, including the novelty of the legal questions involved and the skill required to perform the legal service. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (listing factors); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986) ("[T]he *Kerr* factors are largely subsumed within the initial calculation of [the lodestar]."), *amended*, 808 F.2d 1373 (9th Cir. 1987).

While a district court should not rely on outdated rates, *see Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003), or "hold the line" when determining the prevailing rate in the district, *see Moreno*, 534 F.3d at 1115, the district court here properly considered all evidence submitted by Johnson and Johnson has not demonstrated that higher fee rates are warranted.[1]

**AFFIRMED.**

---

[1] Defendants-Appellees' motion to take judicial notice of the Public Access to Court Electronic Records ("PACER") search results for ADA cases filed by Johnson in the Northern District of California pursuant to Federal Rule of Evidence 201(b)(2) is denied as moot. *See* Dkt. No. 22.